**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANN M. MOGENHAN, )<br>184 Kendrick Place, Unit 16 )<br>Gaithersburg, MD 20878 )<br>                                )<br>        Plaintiff, )<br>                                ) Civil Action No. _____<br>     v.                         )<br>                                )<br>R. JAMES NICHOLSON, Secretary,  )<br>U.S. Dep't of Veterans Affairs, ) **JURY TRIAL DEMANDED**<br>810 Vermont Avenue, N.W.        )<br>Washington, D.C.  20420         )<br>        Defendant.              )<br>_____ ) | |

## COMPLAINT FOR DISCRIMINATION

1.   Plaintiff Ann Mogenhan, by and through undersigned counsel, hereby files this civil action against Defendant James Nicholson, as head of the U.S. Department of Veterans Affairs, pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e et seq.  Plaintiff seeks relief pursuant to Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, for harms caused to Plaintiff when Defendant subjected her to a hostile work environment based on her race (white), gender (female); and also retaliated against her because of prior EEO activity.

2.   Plaintiff requests as relief: an immediate accretion

of duties to GS-15 level and equivalent work provided and a corresponding reassignment; back pay and back-dated awards; maximum compensatory damages; declaratory and injunctive relief, including corrections to her performance appraisals; and attorney fees, costs, and expenses, in order to remedy Defendant's unlawful acts.

**PARTIES**

3.   Plaintiff Ann Mogenhan, a United States citizen, is a white female and a federal employee with over 20 years of government service.  Since October 8, 2000, Ms. Mogenhan has been an Administrative Officer, GS-341-14, at the U.S. Department of Veterans Affairs, Veterans Health Administration ("VHA"), Office of Financial Management and Accounting Systems ("OFMAS").  For the entire period relevant to this action, Ms. Mogenhan has been employed as the Executive Assistant to the Associate CFO for Financial Management and Accounting Systems.  She resides at 184 Kendrick Place, Unit 16, Gaithersburg, MD 20878.

4.   Defendant James Nicholson is Secretary of the U.S. Department of Veterans Affairs and the head of the VHA, and as such, has ultimate authority over the actions of the VHA. Defendant is sued in his official capacity only.  His address is 810 Vermont Ave, N.W., Washington, DC 20240.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this Complaint because it presents a question of federal law. 28 U.S.C. § 1331.

6. Specifically, this Court has jurisdiction over this Complaint pursuant to 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 2000e-16(d), and 42 U.S.C. § 1981a.

7. This Court is the proper venue pursuant to 42 U.S.C. § 2000e-5(f)(3). Plaintiff's office is located in Washington, D.C., and all of her supervisors and managers are located in Washington, D.C. The discriminatory acts complained of took place in Washington, D.C. Furthermore, all records, documents, and virtually all the witnesses relevant to this Complaint are located in Washington, D.C.

8. The facts underlying Ms. Mogenhan's Complaint were developed, in part, through three formal administrative Equal Employment Opportunity ("EEO") discrimination complaints which she timely initiated between 2001 and 2005 and has been fully exhausted. Ms. Mogenhan's first Formal EEO Complaint (Agency No. 2004-0010-2002100209) was filed on December 20, 2001; her second Formal EEO Complaint (Agency No. 2004-0010-2005100825) was filed on March 23, 2005; and her third Formal EEO Complaint (Agency No. 2004-0010-2006100280) was filed on December 19,

2005.  Ms. Mogenhan's second and third EEO Complaints are still pending at the EEOC or with the Agency, but were filed more than 180 days after filing her formal EEO complaints.  See 42 U.S.C. § 2000e-16(c).  Plaintiff received a Final Decision from the EEOC Office of Federal Operations on her first Formal EEO Complaint on August 3, 2006, and she is filing this Complaint within 90 days of that date.

**FACTS**

9.   Ms. Mogenhan is a highly qualified, well-educated federal employee, who has had a successful career in both the federal service and private sector.

10.  Ms. Mogenhan has a Bachelor of Science in Business from John Hopkins University (2003), she has participated in Senior Executive Program training through George Washington University, and she graduated from the Department of Agriculture Graduate School after participating in their Executive Potential Program (2000).

11.  Ms. Mogenhan worked in the private sector for ten years, and she has had more than 20 years of service in significant positions with various federal agencies.  Her professional experience includes work at the Resolution Trust Corporation, the U.S. House of Representatives, the U.S. Office

of Personnel Management, and the National Cemetery Administration as a Senior Management Analyst.

12. As Administrative Officer for the OFMAS, Ms. Mogenhan has been responsible for being the "alter-ego" to the Associate Chief Financial Officer for Financial Management and Accounting Systems by providing advice and counsel on various issues, including personnel management, budget and financial management, procurement and contracting, executive correspondence, and communications, property management and supplies.

13. Ms. Mogenhan is a stellar employee based upon her performance ratings and awards received prior to October 2000. She has been awarded several performance-based recognitions, including the Sustained Superior Performance Award, the Special Contribution Award, and Exemplary Performance Award, as well as the Baldridge Organizational Award and the Carey Organizational Award Examiner.

14. Despite Ms. Mogenhan's solid education, varied experience, and stellar performance, she was subjected to discrimination and retaliation by her first-level supervisor, Associate Chief Financial Officer David Rutledge (white male; no prior EEO activity), and her Supporting Second second-level supervisor, Chief Financial Officer Jimmy Norris (white male; no prior EEO

activity), who subjected her to disparate treatment and a hostile work environment. Specifically, Mr. Rutledge, with Mr. Norris' support, subjected Ms. Mogenhan to severe and pervasive mistreatment and relegated menial and clerical duties unrelated to her professional qualifications and position description while conversely assisting similarly situated white males with favorable detail assignments, plum committee assignments, and extensive professional training.

15. In addition to the formal EEO complaints contained herein, Ms. Mogenhan has previously filed and successfully prosecuted other EEO Complaints, and Mr. Rutledge and Mr. Norris knew about these prior protected activities.

16. Ms. Mogenhan was unlawfully discriminated against on the basis of gender discrimination and retaliation for filing prior EEO complaints as set forth below in paragraphs 17-33. There is an element of unlawful race discrimination in this case as well.

17. Ms. Mogenhan was discriminated and retaliated against when, beginning in October 2000 and continuing thereafter, her supervisors denied her the opportunity to perform job duties consistent with her position description, grade level, and series.

18. Ms. Mogenhan was discriminated and retaliated against when, beginning in October 2000 and continuing thereafter, her supervisors subjected her to disparate pay by paying her at the GS-14 level as an Administrative Officer, but requiring her to perform duties equivalent to similarly situated white male employees who were paid at the GS-15 level and occupied Operations Officer positions.

19. Ms. Mogenhan was discriminated and retaliated against when, beginning in October 2000 and continuing thereafter, her supervisors encouraged and rewarded employees for circumventing her and sending materials directly to Mr. Norris for approval.

20. Ms. Mogenhan was discriminated and retaliated against when, on or about September 21, 2001, Mr. Rutledge verbally assaulted her about a written nomination package she had submitted; he did not speak to similarly situated white male employees in the same manner.

21. Ms. Mogenhan was discriminated and retaliated against when, on or about October 26, 2001, Mr. Rutledge verbally assaulted her about her absence from a staff meeting; he did not speak to similarly situated white male employees in the same offensive manner.

22. Ms. Mogenhan was discriminated and retaliated against

when, on or about May 2, 2002, her supervisors denied her an award for her work; similarly situated white male employees were given monetary awards for their work.

23. Ms. Mogenhan was discriminated and retaliated against when, beginning in March 2003 and continuing thereafter, her supervisors prevented her from performing her regular duties relative to office reorganizations/realignments and prevented her from attending and participating in meetings related to her duties.

24. In 2004, Ms. Mogenhan was discriminated and retaliated against when her supervisors denied her the opportunity to participate in an SES developmental course, but permitted a similarly situated white male coworker to attend such a program.

25. Ms. Mogenhan was discriminated and retaliated against when, in July 2004, Mr. Rutledge refused to conduct her mid-year performance review.

26. Ms. Mogenhan was discriminated and retaliated against when, on or about November 16, 2004, Mr. Rutledge and Mr. Norris issued her an unfavorable performance evaluation for the rating period of October 1, 2003 through September 30, 2004.

27. Ms. Mogenhan was discriminated and retaliated against when, beginning in November 2004 and continuing thereafter, her

supervisors issued her lower award than similarly situated white male coworkers.

28. Ms. Mogenhan was discriminated and retaliated against when, beginning in November 2004 and continuing thereafter, her supervisors assigned her duties that were clerical in nature at the GS-5 and GS-6 level.

29. Ms. Mogenhan was discriminated and retaliated against when, beginning in November 2004 and continuing thereafter, her supervisors denied her the training opportunities she properly requested in her Individual Developmental Plan.

30. Ms. Mogenhan was discriminated and retaliated against when, beginning in November 2004 and continuing thereafter, Mr. Rutledge and Acting Associate Chief Financial Officer Almetta Moore, directed vulgar language toward Plaintiff, which was harsher and more abusive than language they directed as similarly situated white male coworkers.

31. Ms. Mogenhan was discriminated and retaliated against when, beginning in March 2005 and continuing thereafter, her supervisors subjected her to disparate pay in violation of the Equal Pay Act by paying her at the GS-14 level and assigning her three major task areas, but paying white males employees at the GS-15 level and assigning them only one major task area.

32. Ms. Mogenhan was discriminated and retaliated against when, in November 2004, her supervisors refused to accommodate her request for a private office based on her severe, medically documented migraine headaches, which were exacerbated by her office environment (open work area without temperature control).

31. Ms. Mogenhan was discriminated and retaliated against when, on or about October 18, 2005, Mr. Norris criticized her and other females employees during a mandatory meeting for unprofessional behavior in failing to communicate through the formal chain of command; he did not criticize similarly situated white male coworkers.

32. Ms. Mogenhan was discriminated and retaliated against when, on or about October 20, 2005, Mr. Rutledge gave her a lower performance rating than what her work merited, and on or about November 1, 2005, Mr. Norris refused to change the rating and added additional false comments.

33. Ms. Mogenhan was discriminated and retaliated against when, in November 2005, her supervisors required her to attend meetings about re-writing of her job description, but similarly situated white male employees were not treated in the same way in regards to the evaluating of their job duties.

## CAUSES OF ACTION

### Count I: Hostile Work Environment

34. Based upon the facts described above, Defendant unlawfully discriminated against Plaintiff on the basis of retaliation against her for her prior protected EEO activity and on the basis of her gender (female) by subjecting her to a hostile work environment, in violation of the Civil Rights Act of 1964, as amended, U.S.C. § 2000e, et seq.

### Count II: Disparate Treatment

35. Based upon the facts described above, Defendant unlawfully discriminated against Plaintiff on the basis of her gender (female) and retaliated against her on the basis of her prior protected EEO activity by subjecting her to disparate treatment, in violation of the Civil Rights Act of 1964, as amended, U.S.C. § 2000e, et seq.

### Count III: Adverse Personnel Actions

36. Based upon the facts described above, Defendant unlawfully discriminated against Plaintiff Ann Mogenhan on the basis of her race (white) and gender (female) and retaliated against her on the basis of her prior protected EEO activity by subjecting her to adverse personnel actions, in violation of the

Civil Rights Act of 1964, as amended, U.S.C. § 2000e, et seq.

## RELIEF REQUESTED

37. Plaintiff requests any and all relief available under Title VII of the Civil Rights Act of 1964, as amended, U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981a, and civil rights law, including but not limited to the following:

    a. An immediate promotion to the GS-15 level based upon accretion of duties and equivalent work provided and a corresponding reassignment outside of the VHA Office of Finance;

    b. Full back pay, with interest, benefits, and retro-active awards for the period of Plaintiff's discriminatory/retaliatory work at the GS-15 level;

    c. Maximum compensatory damages to which Plaintiff is entitled after proof at trial (maximum of $300,000);

    d. Declaratory and injunctive relief, including appropriate record correction consistent with the facts of this case and the above-requested relief;

    e. An Injunction enjoining Defendant from discriminating or retaliating against any employee, including Plaintiff with appropriate notices of the Injunction posted at Plaintiff's place of work;

    f. The reasonable attorney fees at prevailing market

(<u>Laffey</u>) rates, costs, and expenses of this action; and

    g.   Such other relief as the Court deems just and appropriate.

### JURY TRIAL

38. Plaintiff requests a trial by jury on all issues that are triable by jury.

*[Signature: Joseph D. Gebhardt]*

JOSEPH D. GEBHARDT
  (D.C. Bar No. 113894)
MYRREL C. HENDRICKS, JR.
  (D.C. Bar No. 291781)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
(202) 496-0400

November 29, 2006        Attorneys for Plaintiff

<small>H 06-2041 GK</small>

JS-44
Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Ann Mogenhan | R. James Nicholson, Secretary, Department of Veterans Affairs |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Montgomery (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  D.C. (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Gebhardt & Associates, LLP
1101 17th St., NW, Suite 807
Washington, DC 20036-4716
(202) 496-0400

CASE NUMBER   1:06CV02041

JUDGE: Gladys Kessler

DECK TYPE: Employment Discrimination

DATE STAMP: 11/29/2006

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)  OR  ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(3)

| ○ G. *Habeas Corpus/ 2255* | ⊚ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊚ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Discrimination based upon race, gender, and reprisal pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., etc.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 300,000.00   Check YES only if demanded in complaint
JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  November 29, 2006   SIGNATURE OF ATTORNEY OF RECORD  *Joseph D. Gebhardt*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.