UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANN M. MOGENHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-2041 (GK) |
| v. | ) |
| | ) |
| R. JAMES NICHOLSON, Secretary, | ) |
| U.S. Dep't of Veterans Affairs, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**JOINT REPORT PURSUANT TO RULE 16.3**

Pursuant to LCvR 16.3, Plaintiff Ann M. Mogenhan, and Defendant R. James Nicholson, hereby jointly submit this report setting forth the results of their conference under LCvR 16.3 (c)(1). As a consequence of this conference, the parties, by and through undersigned counsel, hereby report to the Court as follows:

**(1)** **Dispositive Motions.** At this point, the Plaintiff believes the entire case cannot be resolved by dispositive motion. Defendant believes that it likely that the case will be resolved by a post-discovery summary judgment motion. There are no pending motions. The parties do not believe that discovery should be stayed for dispositive motions.

**(2)** **a.** **Deadline for Joining Additional Parties or Amending Pleadings.** Neither party anticipates joining additional parties or amending their pleadings, but agree to do so within 180 days from the date of the Initial Scheduling Conference if needed. Plaintiff and Defendant believe that the legal or factual issues cannot be narrowed at this time.

     **b.**    **Agreement as to Factual and Legal Issues:**

Whether Plaintiff was unlawfully discriminated or retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**(3)** **Assignment to Magistrate Judge.** Neither Plaintiff nor Defendant agrees to have this case referred to a Magistrate Judge for all purposes. However, the parties would like a referral to a Magistrate Judge to facilitate settlement discussions. Plaintiff believes that the case should be referred at an early stage, whereas defendant believes that the referral to a Magistrate for settlement purposes should occur after the close of discovery so that both parties have the opportunity to evaluate their case in light of the record evidence.

**(4)** **Prospects of Settlement.** The Plaintiff believes that there is a genuine possibility of settlement, and that further discussions on this point would be beneficial at this time before incurring discovery costs. Defendant believes that a settlement may be possible in this action, but only after the parties have the opportunity to evaluate their cases through the discovery process and, therefore, requests that settlement be deferred to a period following discovery.

**(5)** **Alternate Dispute Resolution (ADR).** The Plaintiff requests that this case be referred to a Magistrate Judge for settlement discussions for the next 60 days. Defendant requests that the referral occur after discovery.

**(6)** **Resolution by Summary Judgment.** At this point, the Plaintiff does not believe this entire case can be decided by dispositive motion. Defendant believes it likely that the case will be disposed of by a post-discovery dispositive motion. The parties

agree that any motions for summary judgment will be filed within 45 days after the close of discovery, that oppositions or cross-motions be filed 30 days thereafter, and any that replies be filed 30 days after the filing of the oppositions or cross-motions.

**(7)** **Initial Disclosures**. The Plaintiff believes that the administrative record satisfies the requirements for Initial Disclosures. Defendant believes that the parties should make initial disclosures in accordance with the Federal Rules of Civil Procedure.

**(8)** **Limitations on Discovery.**

    **(a)** The Parties believe that the presumptive limitations on discovery as set forth in the Federal Rules of Civil Procedure are sufficient for this action. To the extent that a party requires additional information, the parties will work cooperatively to accommodate such requests.

    **(e)** **Need for Protective Order.** Due to sensitive personal and/or medical information that may be exchanged, the parties may submit an appropriate Protective Order.

    **(f)** **Date for Completion of Discovery.**

    Plaintiff and Defendant believe that in this action, discovery should run for a period of two hundred forty (240) days beginning August 1. This delay is due to a two-week malicious prosecution trial by Defendant's counsel beginning July 17, 2007. Thus it is not feasible for him to begin discovery prior to August 1, 2007.

**(9)** **Exchange of Expert Witness Information.**

    **(a)** **Proponent's Disclosures**: Plaintiff believes that plaintiff's expert disclosures should be made 60 days after the end of settlement discussions with the

>
> Magistrate Judge. Defendant believes that plaintiff's expert disclosures should be made 90 days prior to the close of discovery.
>
> **(b)   Opponent's Disclosures**: Plaintiff believes that plaintiff's expert disclosures should be made 45 days after plaintiff's disclosure(s). Defendant agrees with this date.

**(10)   Class Action Procedures.**  Not applicable.

**(11)   Bifurcation of Trial and/or Discovery.**  Plaintiff and Defendant believe that there is no need to bifurcate discovery or the trial in this Title VII employment discrimination case.

**(12)   Date for Pretrial Conference.**  The parties request that the Court set a pretrial conference date 30 days after ruling on any dispositive motions, or 30 days after the deadline for filing dispositive motions, if no such motions are filed.

**(13)   Trial Date.**  The parties request that a trial date be set at the pretrial conference.

**(14)   Other Matters.**  Pursuant to the Court's Order,

>
> **(a)   Plaintiff Provides the Following Statement of Plaintiff's Case:**

Plaintiff, Ann M. Mogenhan, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Plaintiff claims that based on her race (white), gender (female) and retaliation for prior EEO activity that Plaintiff was discriminated against by Defendant. Plaintiff was hired as a GS-14 and has been employed as the Executive Assistant to the Associate CFO for Financial Management and Accounting Systems. Plaintiff has been relegated to menial or clerical duties unrelated to her professional qualifications and her GS-14 position description. Conversely her supervisors have been assisting similarly situated males with favorable detail assignments, plum

committee assignments, and extensive professional training.  Plaintiff timely exhausted the available administrative remedies for each of her discrimination claims.

Plaintiff seeks the following remedies:

1. An immediate accretion of duties to GS-15 level and equivalent work provided and a corresponding reassignment;

2. Back pay and back-dated awards;

3. Maximum compensatory damages;

4. Declaratory and injunctive relief, including corrections to her performance appraisals; and

5. Reasonable attorney fees, costs, and expenses.

**(b)    Defendant Provides the Following Statement of Plaintiff's Case:**

Defendant denies that any acts of discrimination or retaliation occurred and further avers that any employment decisions impacting the plaintiff were for legitimate, non-discriminatory reasons. Defendant further asserts that Plaintiff failed to timely exhaust her administrative remedies as to some of the claims asserted in the complaint.

Respectfully submitted,

| | |
|---|---|
|    /s/   <br>MYRREL C. HENDRICKS, JR.<br>    (D.C. Bar No. 291781)<br>JOSEPH D. GEBHARDT<br>    (D.C. Bar No. 113894)<br>GEBHARDT & ASSOCIATES, LLP<br>1101 17th Street, N.W.<br>Suite 807<br>Washington, DC 20036-4716<br>(202) 496-0400<br><br>Attorneys for Plaintiff<br><br><br>May 23, 2007 |    /s/   <br>JEFFREY A. TAYLOR, D.C. Bar # 498610<br>United States Attorney<br><br>   /s/   <br>RUDOLPH CONTRERAS, D.C. BAR # 434122<br>Assistant United States Attorney<br><br>   /s/   <br>JOHN HENAULT, D.C. BAR # 472590<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br>(202) 307-1249<br><br>Attorneys for Defendant |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANN M. MOGENHAN, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) Civil Action No. 06-2041 (GK) |
|       v. | ) |
| | ) |
| R. JAMES NICHOLSON, Secretary, | ) |
| U.S. Dep't of Veterans Affairs, | ) |
| | ) |
|       Defendant. | ) |
| | ) |

## SCHEDULING ORDER

UPON CONSIDERATION of the parties' Report Pursuant to Rule 16.3, it is hereby this ___ day of May, 2007, ORDERED:

    a.    That this case is assigned until DATE, 2007, to Magistrate Judge _____ to facilitate settlement discussions;

    b.    The parties shall make initial disclosures in accordance with the Federal Rules of Civil Procedure;

    c.    That the deadline for joining additional parties or amending the pleadings shall be DATE, 2007;

    d.    That the deadline for plaintiff's Rule 26(a)(1) expert report shall be 90 days prior to the close of discovery;

    e.    That the deadline for opponent's expert reports shall be 45 days after plaintiff's disclosures;

    f.    That the close of discovery shall be 240 days from August 1, 2007;

    g.    That dispositive motions shall be due by 45 days after the close of discovery; oppositions and cross motions shall be due within 30 days of any dispositive

motions; and replies shall be due within 30 days thereafter.

                                      **GLADYS KESSLER**
                                      **UNITED STATES DISTRICT JUDGE**

**Copies to:**

**Myrrel C. Hendricks, Jr., Esq.**
**Joseph D. Gebhardt, Esq.**
**GEBHARDT & ASSOCIATES, LLP**
**1101 17th Street, N.W.**
**Suite 807**
**Washington, DC 20036-4718**

**John Henault, Esq.**
**Assistant United States Attorney**
**Judiciary Center Building, Tenth Floor**
**555 Fourth Street, N.W.**
**Washington, DC 20530**