## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANN M. MOGENHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-2041 (GK) |
| R. JAMES NICHOLSON, | ) |
| Secretary of Veterans | ) |
| Affairs, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN
## SUPPORT OF PLAINTIFF'S OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND DEFENDANT'S FIRST SET OF REQUESTS FOR <u>PRODUCTION OF DOCUMENTS</u>

COMES NOW Plaintiff Ann M. Mogenhan, by and through under-signed counsel, and in support of her Objections to Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents as untimely, states as follows:

### <u>FACTUAL BACKGROUND</u>

Plaintiff brought this cause of action against Defendant James Nicholson, Secretary of the U.S. Department of Veterans Affairs and the head of the Veterans Health Administration, for claims arising from Defendant's gender and race-based discrim-ination against Plaintiff and Defendant's retaliation against Plaintiff for participating in EEO activity.

The parties filed a Joint Report on May 23, 2007, setting

forth their respective views on the likelihood of case settlement.

> The Plaintiff believes that there is a genuine possibility of settlement, and that further discussions on this point would be beneficial at this time before incurring discovery costs. Defendant believes that a settlement may be possible in this action, but only after the parties have the opportunity to evaluate their cases through the discovery process and, therefore, requests that settlement be deferred to a period following discovery.

The parties agreed in their Joint Report that a full discovery process would take no less than two hundred forty (240) days.

The parties met for an Initial Scheduling Conference on May 29, 2007, to discuss, among other things, whether full discovery should be allowed before the case would be referred to mediation. (See Order Setting Initial Scheduling Conference at 4, attached hereto as Exhibit 1). The Court carefully examined the parties' positions and inquired about the reason for their respective positions. After careful consideration of their statements, the Court crafted a hybrid procedure designed to facilitate an expeditious resolution of the issues in this case.

The Court decided to allow the parties to conduct a truncated discovery process before referring the case to a magistrate judge for mediation. The Court made this compromise in

2

the interest of allowing discovery while expediting settlement negotiations, without the substantial delay and cost that a two hundred forty (240) day full discovery process would entail.

The Court entered a Scheduling Order on May 30, 2007, that stated in pertinent part, "the parties shall serve all requests for written discovery by July 1, 2007".[1] (<u>See</u> Exh. 1 at 1). This deadline would allow the truncated discovery process to be completed by no later than August 1, 2007. The Court scheduled mediation to begin the following day on August 2, 2007. (<u>See</u> Order dated June 14, 2007 at 1, attached hereto as Exhibit 2).

Plaintiff served her discovery requests on Defendant on June 29, 2007[2]. Plaintiff sent a copy of her discovery via facsimile to Defendant on that date to ensure that Defendant received it before the Court's scheduled deadline. <u>Id</u>. Moreover, Plaintiff incurred extra expense by sending a copy via courier hand-delivery to make certain Defendant received

---

[1]Assuming *arguendo* that Defendant's discovery was timely served, Plaintiff's deadline for serving her Answers would be August 4, 2007, two days after the scheduled mediation.

[2]<u>See</u> Plaintiff's Certificate of Service at 15, First Set of Interrogatories, (attached hereto as Exhibit 3); Plaintiff's Certificate of Service at 15, First Set of Requests for Production of Documents, (attached hereto as Exhibit 4); and Plaintiff's Certificate of Service at 7, Requests for Admissions, (attached hereto as Exhibit 5).

Plaintiff's discovery before the due date.  Id.

Defendant, who had attended the same scheduling conference as Plaintiff, refused to comply with the Court's Scheduling Order.  Defendant propounded his discovery requests on July 2, 2007 — the day after the Court's scheduled deadline[3].  Despite this untimely preparation, Defendant chose to deliver his discovery to Plaintiff via first-class mail, which took an additional three days.  Id.  Therefore, Plaintiff did not receive Defendant's discovery requests until July 5, 2007.  Id. at 1.  Defendant failed to prepare his discovery requests by the Court's deadline and failed to use any measures to expedite Plaintiff's receipt of his discovery.

Defendant's utter disregard for the Court's Order is shocking.  Defendant knowingly disobeyed the Court's Scheduling Order entered only a month before by failing to prepare his discovery requests until after the service deadline had expired. Furthermore, Defendant knowingly and willfully failed to take any measures to expedite his discovery's delivery to Plaintiff.

---

[3]See Defendant's Certificate of Service at 9, Defendant's First Set of Interrogatories, (attached hereto as Exhibit 6); and Defendant's Certificate of Service at 4, Defendant's Request for Production of Documents, (attached hereto as Exhibit 7).

Instead, Defendant ignored the Court's decision to truncate discovery and continued with his original plan to serve discovery requests when he saw fit.  Defendant's actions explicitly disobey and disregard the Court's Scheduling Order.

**ARGUMENTS**

**I.    Plaintiff Should Be Excused From Compliance with Defendant's Discovery Requests.**

    **A.    Legal Standard for Excusal From Compliance with Discovery Requests.**

Rule 16(f) of the Federal Rules of Civil Procedure states that if a party fails to obey a scheduling order, the Court may upon motion, or *sua sponte*, make such orders thereto as are just.  Such orders include those that bar a violating party from enforcing discovery requests without prevailing on a motion to modify the scheduling order.

"A Scheduling Order is 'intended to serve "as the unalterable road map (absent good cause) for the remainder of the case."'" St. Paul Mercury Ins. Co., No. 05-2115, 2007 U.S. Dist. LEXIS 39606, at *16 (D.D.C. June 1, 2007) (*quoting* Olgyay v. Soc'y for Envtl. Graphic Design, Inc., 169 F.R.D. 219, 220 (D.D.C. 1996) (*citations omitted*).

"A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel

without peril.'" <u>St. Paul Mercury</u>, 2007 U.S. Dist. LEXIS 39606, at *16, (*quoting* <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 610 (9th Cir. 1992) (*citations omitted*). "Indeed, '[d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.'" <u>Id</u>.

The court is clear in *St. Paul Mercury* that a party who wishes to file discovery after a deadline imposed by Scheduling Order, requires leave of the Court to do so. <u>St. Paul Mercury</u>, 2007 U.S. Dist. LEXIS 39606, at *17. A court will not modify a Scheduling Order unless the violating party can demonstrate "good cause" to do so. Fed. R. Civ. P. 16(b).

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." <u>St. Paul Mercury</u>, 2007 U.S. Dist. LEXIS 39606, at *18 (*quoting* <u>Johnson</u>, 975 F.2d at 609) (*citations omitted*). "Mere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation should not be considered good cause." <u>St. Paul Mercury</u>, 2007 U.S. Dist. LEXIS 39606, at *19 (*quoting* <u>Olgyay</u>, 169 F.R.D. at 220) (*citations omitted*).

Furthermore, this Court has held parties rightly responsible for carelessness by denying requests for discovery extension where the party has shown a lack of diligence during the scheduled discovery period. *See, e.g.*, <u>Smith Wilson Co. v. Trading & Dev. Establ.</u>, No. 90-1125, 1991 WL 171689, at *1 (D.D.C. Aug. 20, 1991) ("As counsel well knows, this Court established a firm discovery cut-off after consulting with counsel for both sides in open court."); <u>Secord v. Cockburn</u>, 747 F. Supp. 779, 786 (D.D.C. 1990) ("where a party fails to pursue discovery in the face of a court-ordered cutoff, as here, that party may not be heard to plead prejudice resulting from his own inaction") (*citations omitted*); <u>Senkow v. Herrington</u>, No. 86-2220, 1989 WL 46747, at *1 (D.D.C. Apr. 25, 1989) (denying more time for discovery where court had allowed 120 days and had notified parties in its scheduling order that it was "not inclined to grant further continuance of discovery").

    B.   <u>An Order Excusing Plaintiff From Complying with Defendant's Discovery Requests Should Be Granted</u>.

As discussed above, Defendant was present during the Scheduling Conference held on May 29, 2007, where the Court expressly decided that all written discovery requests must be served upon the opposing party **by July 1, 2007**. <u>Supra</u>, at 2.

7

Defendant received a copy of the Court's Scheduling Order, which stated that all written discovery requests must be served **by July 1, 2007**. <u>Id</u>. at 3.   Thereafter, Defendant willfully violated the Court's Order by serving his discovery on **July 2, 2007**, and *a fortiori*, sending it by first-class mail instead of by facsimile or any other method designed to expedite Plaintiff's receipt. <u>Id</u>. at 3-4.   Consequently, Plaintiff did not receive Defendant's discovery until the afternoon of **July 5, 2007**. <u>Id</u>.

Defendant makes no excuse for his late service.   In fact, Defendant has made no effort whatsoever to contact Plaintiff regarding his untimely service.    Furthermore, Defendant has filed no Motion to Modify the Scheduling Order.    Assuming *arguendo* that Defendant filed a Motion to Modify the Scheduling Order now, Defendant could not possibly demonstrate the good cause required under Rule 16(b) in light of the Defendant's obvious carelessness and lack of effort to serve discovery by the Court-ordered deadline.

<u>**CONCLUSION**</u>

For all the foregoing reasons, the Court should enter an Order excusing Plaintiff from complying with Defendant's

discovery requests, pursuant to the authority granted under Rule 16(f) of the Federal Rules of Civil Procedure.

                              Respectfully submitted,


                              _____/s/_____
                              MYRREL C. HENDRICKS, JR.
                              JOSEPH D. GEBHARDT
                              GEBHARDT & ASSOCIATES, LLP
                              1101 17th Street, N.W.
                              Suite 807
                              Washington, DC 20036-4716
                              (202) 496-0400

July 13, 2007                 Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Objections to Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents was served this 13th day of July, 2007, via facsimile and electronic filing through the Court, upon counsel for Defendant as follows:

                              John F. Henault, Esq.
                              Assistant United States Attorney
                              United States Attorney's Office
                              555 4th Street, NW
                              Washington, DC 20530
                              (202) 307-1249
                              Fax: (202) 514-8780
                              Email: john.henault@usdoj.gov

                              _____/s/_____
_____Myrrel C. Hendricks, Jr.

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANN M. MOGENHAN,                        :
                                        :
                Plaintiff,              :
                                        :
        v.                              :        Civil Action No. 06-2041 (GK)
                                        :
R. JAMES NICHOLSON,                     :
Secretary of Veterans Affairs,          :
                                        :
                Defendant.              :

## ORDER SETTING INITIAL SCHEDULING CONFERENCE

The above-captioned case has been assigned to this Judge for resolution. The Initial Scheduling Conference is set for **May 29, 2007 at 10:15 a.m.** in Courtroom 26A (Fourth Floor of new Annex). Counsel who attend must be sufficiently familiar with the case to answer any questions which arise; parties are welcome and are encouraged to attend.

Pursuant to Rule 16.3 of the Local Rules and Fed. R. Civ. P. 26(f) and 1, counsel shall submit their Joint Meet and Confer Statement addressing all topics listed in Rule 16.3(c) no later than 14 days following their meeting. Counsel are also directed to either include in their Joint Meet and Confer Statement or in a supplemental pleading to be filed no later than 72 hours prior to the Initial Scheduling Conference, a brief statement of the case and the statutory basis for all causes of action and defenses.

In considering, pursuant to Rule 16.3(c)(1) the case tracking category in which the case should be placed, counsel should be guided by the schedules contained in Appendix I to this Order.

Counsel are required to comply with Local Rule 16.3 and, in particular, Rule 16.3(c), as amended August 1, 1999, and attached hereto as Appendix II. In considering what form of alternative dispute resolution the parties think the case most suited to, counsel are reminded that

amongst their options are mediation, arbitration, early neutral evaluation, summary Jury trial, or any other form of alternative dispute resolution which can be tailored to the needs of the case.

Extensions or enlargements of time will not be granted at any time solely upon stipulation by the parties. Any requests for a continuance or other scheduling change must include alternative dates that have been agreed to by all parties. Requests that do not include an alternative date acceptable to all parties will be denied.

Parties are to communicate with the Court by motion, opposition, and reply, not by letter. Inquiries concerning the status of any pending matter shall be directed to the Courtroom Deputy Clerk, Tonya Hightower (202-354-3147), or if she is unavailable, to the staff person in the Clerk's Office designated as her substitute, and not to Chambers. Chambers personnel will not handle questions relating to the status or scheduling of pending matters.

In an emergency, however, Chambers can be reached at (202) 354-3440.


Date: May 7, 2007

/s/_____
Gladys Kessler
United States District Court Judge

-2-

**APPENDIX I**

**Case Tracking Schedules**

The following are the presumptive schedules to be followed by the Court. Variations may be appropriate in light of individual case differences. All time-frames are calculated from the date of the Initial Scheduling Conference unless otherwise indicated.

|  | Track One (Fast) | Track Two (Standard) | Track Three (Complex) |
|---|---|---|---|
| Exchange Witness Lists | 15 days | 30 days | 60 days |
| Deadline for Post-R.26(a) Discovery Requests | 30 days | 45 days | 90 days |
| Proponent's R.26(a)(2) Statements | N/A | 60 days | 120 days |
| Opponent's R. 26(a)(2) Statements | N/A | 90 days | 150 days |
| All discovery closed | 60 days | 120 days | 210 days |
| Deadline for filing motions | 75 days | 150 days | 240 days |
| Pretrial Conference | 4 months | 6-7 months | 9-12 months |

If alternative dispute resolution is ordered, the Court anticipates a 30-60 day interruption in the schedules set forth above, depending on which particular procedure is used and at what point it is used.

## APPENDIX II

### Duty to Meet and Confer

(c)    MATTERS TO BE DISCUSSED BY THE PARTIES.

At the meeting required by this Rule, the parties shall discuss the following matters:

* * *

(5)    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures or some other form of ADA, what related steps should be taken to facilitate such ADR and their response to this provision with their clients.  In assessing the above, counsel shall consider:

(I)    the client's goals in bringing or defending the litigation;

(II)    whether settlement talks have already occurred and, if so, why they did not produce an agreement;

(III)    the point during the litigation when ADR would be most appropriate, with special consideration given to:

(aa)    whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

(bb)    whether ADR should take place before or after the Judicial resolution of key legal issues.

(IV)    Whether the parties would benefit from a neutral evaluation of their cases, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case, and

(V)    Whether cost savings or any other practical advantage would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANN M. MOGENHAN,

          Plaintiff,

    v.

R. JAMES NICHOLSON,

          Defendant.

Civil Action No. 06-2041 (GK/AK)

## ORDER

    The above-captioned case was referred to the undersigned by the Honorable Gladys Kessler for the purpose of facilitating a settlement.  Accordingly, it is by the Court this 14th day of June, 2007, hereby

**ORDERED :**

1.    The lead attorney(s) for the parties shall appear before the undersigned, in chambers [ROOM 2333] on August 2, 2007 at 10:30 a.m.  The parties should attend the mediation, be available by telephone, or delegate settlement authority to counsel.

2.    The parties may submit confidential settlement statements in advance of the mediation but such statements are Not Required, and in most cases, they are unnecessary.

3.    If any attorney or party is unavailable on the date and at the time set forth above, the attorney shall notify the other attorney(s) in the cases as soon as possible to arrange a telephone conference call with chambers to select an alternative date and

time.

4.      If the settlement conference must be rescheduled, the undersigned will require the

attorney with the scheduling conflict to confirm the new date and time in a letter

to the other attorneys and the Court.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANN M. MOGENHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-2041 (GK) |
| R. JAMES NICHOLSON, | ) |
| Secretary of Veterans | ) |
| Affairs, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**PLAINTIFF'S FIRST SET OF WRITTEN INTERROGATORIES**

Plaintiff Ann M. Mogenhan, by and through her undersigned counsel, hereby serves Defendant with the following Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure, and requests answers within 30 calendar days from the date of receipt.

**Instructions**

The following Interrogatories seek information presently in the possession, custody, control, or knowledge of Defendant and his employees, including information contained in or on any documents as defined below or any other things known or available to the Defendant, his employees, attorneys, invest-

igators, agents, or any other person acting with or on the Defendant's behalf. All answers will be deemed to reflect the knowledge of the Defendant, and all answers to the Interrogatories should indicate the person principally responsible for providing the information contained in the answer.

These Interrogatories are continuing in nature and require prompt supplementation or modification should Defendant acquire any additional information relating in any way to the Interrogatories after the date of response. If Defendant lacks any information necessary to answer any of the Interrogatories, describe the specific efforts made by Defendants or anyone on their behalf to ascertain the information, and state when Defendant anticipates obtaining the information. Any additional information must be furnished to Plaintiff's undersigned counsel promptly after it is acquired.

In answering these Interrogatories, identify people by their full name, title, office, last known address, and telephone number. When identifying any document, describe it with reference to its title or caption, the date it was produced or signed, the name of the person who prepared or signed it, and the subject it addresses or its purpose. When describing a statement or oral communication, indicate the date and place it

occurred, the manner of communication, the identity of each person who participated in or was present during or heard any part of the communication, the substance of what was said by each person participating in the communication, and all writings that record, summarize, confirm, or in any manner refer to the communication.

If you choose to respond to these Interrogatories by producing documents pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, and these documents exist in electronic format, then your responses are to be produced in electronic format, along with the record layout and documentation of coded fields (data dictionary), to the extent it exists.  All electronic database materials should be transmitted as either comma delimited or fixed length format text files.  If the comma delimited file format is chosen, the first record in the file should contain the field names.  If the fixed length format is chosen, a separate document should be provided which identifies each field name, type, and length, and, if numeric, the appropriate decimal location.  Your response should also be produced in hard-copy on standard 8.5 x 11 inch paper.

If the requested information or document is known to have existed, but no longer exists or is no longer in Defendant's

3

possession, custody, or control, identify its last known custodian and state the date upon which it was lost or destroyed or otherwise became unavailable.

As to any Interrogatory to which Defendant asserts an objection, please fully describe the grounds for the objection so as to provide the Court and Plaintiff a full and reasonable basis to understand and evaluate such objection. If Defendant intends to withhold any information under a claim of privilege, identify the type of material being withheld, its general subject matter, the date it was prepared or signed, and additional information as is needed to reference the item without revealing the material claimed as protected, including, where appropriate, the author, addressee, custodian, any other recipients, and the respective relationships of these individuals. If any information contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without disclosing the privileged material. If any document has been redacted or altered in any fashion, make the redaction or alteration clear, and state the reason for the alteration, indicate the date of the alteration, and identify the person who made the alteration.

If Defendant believes any of these Interrogatories are

unclear or ambiguous, please provide Plaintiff's counsel with a written request for additional clarification in a prompt and timely manner to assure that Defendant's answers are provided within the allotted time.  Plaintiff will respond to any concern in the form of a Supplemental Discovery Request.  Plaintiff will seek to address any concern in the spirit of ABA Civil Discovery Standards 5, 11, and 12.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant's answers to these Interrogatories must be made under oath, must be signed by the person making the answer, and must be provided to undersigned counsel within 30 days, i.e., by July 29, 2007. See Fed. R. Civ. P. 33(b)(1)-(3).

## Definitions

1.  Defendant: means R. James Nicholson, Secretary of Veterans Affairs, and his employees, attorneys, representatives, investigators, agents, or any other person acting with or on his behalf.

2.  Agency: means the U.S. Department of Veterans Affairs and each of its divisions and departments, including Veterans Health Administration ("VHA") Office of Finance, as relevant to the employment of Plaintiff and the

discrimination and retaliation claims raised in this action.

3.  <u>Office of Finance</u>: means the Veterans Health Administration Office of Finance **and its predecessors**, including all units for which Jimmy Norris was at any time employed in the unit's supervisory chain of command.

4.  <u>Person</u>: means a natural person or any business, legal entity, government entity, or association.

5.  <u>Employee</u>: means any person assigned to perform some duty on behalf of any Defendant, whether paid or unpaid, including interns, clerks, administrators, staff and students.

6.  <u>Document</u> or <u>Record</u>: means any written or otherwise recorded graphic matter of any type or nature and any electronically stored information as defined in Rule 34(a) of the Federal Rules of Civil Procedure. Accordingly, the terms include any: written, printed, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any type or nature however produced or reproduced, whether sent or received, including, but not limited to, all records, memoranda, emails, reports, financial statements, business records, handwritten and other notes, transcripts, papers, letters, envelopes, faxes, telegrams, cables, telex

6

messages, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, diaries, lists, log books, comparisons, surveys, charts, graphs, books, pamphlets, articles, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, regulations, minutes, or transcriptions of notations, meetings or telephone conversations or other communications of any type, photographs, microfilms, tapes, discs, data cells, drums, computer programs and printouts, video-recordings or other data compilations from which information can be obtained.

7.  <u>Communication</u> or <u>Correspondence</u>: means transmittal of information by any means.

8.  <u>Concerning</u>: means regarding, relating to, referring to, describing, evidencing, or constituting.

9.  <u>Accommodation</u>: means any modification or adjustment to a work, policy, practice, procedure, system (including computers), or environment, or any alternative working condition provided to any employee because of a physical or mental impairment or disability.

## Interrogatories

1.  State the name, race, sex, prior EEO activity, position, grade, address, and telephone numbers of all persons believed to have knowledge of the issues raised in Plaintiff's Complaint, along with a brief summary of the knowledge each person is believed to possess.

2.  Describe the date, place, and substance of any and all communications related to the discrimination and employment issues raised in this case, other than privileged communications with Agency attorneys, among David Rutledge, Jimmy Norris, and/or any other Agency employee.

3.  State the names, race, sex, EEO activity, dates of supervision, address, and telephone number of every employee who was supervised by Plaintiff and/or was required to submit materials to Plaintiff for approval between October 8, 2000 and the present.

4.  List any and all complaints, of any kind whatsoever, involving David Rutledge or Jimmy Norris, stating the name of the complainant, the nature of the complaint, and the disposition or resolution of the complaint.

5.  State the Agency's policies, from the calendar year 1999 to the present, regarding the formulation and implementation

of Individual Development Plans for Agency employees, including the consequences incurred for supervisors failing to work with employees to formulate and implement Individual Development Plans.

6.  State the Agency's policies, from the calendar year 1999 to the present, relating to performance reviews, including mid-year and annual performance reviews, for Agency employees, including the consequences incurred for supervisors refusing the conduct performance reviews.

7.  State the Agency's policies, from the calendar year 1999 to the present, regarding the grant or denial of "training dollars" and/or the grant or denial of training requests for Agency employees.

8.  Describe all of the factors and criteria used by the Agency in determining whether an award, including a merit-based award, should be given to an employee, and describe all steps and procedures involved in making such a determination.

9.  Describe all of the factors and criteria used by the Agency in evaluating, approving or denying an employee work accommodation, and describe all steps and procedures involved in making such an evaluation/determination.

9

10. Describe all of the factors and criteria used by the Agency in determining whether an employee Position Description is to be re-written, altered and/or updated, and describe all steps and procedures involved in making such a determination.

11. State the name, position, race, sex, EEO activity, address, and telephone number of every employee involved in decisions regarding Plaintiff's work assignments and/or duties, and describe in detail the rationale behind assigning Plaintiff to perform clerical tasks normally assigned to GS-5 and GS-6 employees.

12. State the name, position, race, sex, EEO activity, address, and telephone number of every employee involved in the decision to assign GS-15 level duties to Plaintiff, while deciding not to promote Plaintiff to a GS-15 position, and describe the rationale behind such decisions.

13. State the names, race, sex, EEO activity, address, and telephone number of every employee involved in the decision to encourage and/or reward employees for circumventing Plaintiff by submitting materials directly to Jimmy Norris for approval, and describe in detail the rationale behind the decision, explaining individually each factor the

10

Agency considered in making the decision.

14. State the name, position, race, sex, EEO activity, address, and telephone number of every employee involved in the decision made in or around April 2002 to deny Plaintiff an award for her work, and describe in detail the rationale behind the decision, explaining individually each factor the Agency considered in making the decision.

15. State the name, position, race, sex, EEO activity, address, and telephone number of every employee involved in the decision made in or around April 2003 to prevent Plaintiff from performing her duties related to office reorganization and/or realignment, including the decision to prevent Plaintiff from attending meetings regarding her reorganization/realignment duties, and describe in detail the rationale behind the decision, explaining individually each factor the Agency considered in making the decision.

16. State the name, position, race, sex, EEO activity, address, and telephone number of every employee involved in the decisions to deny Plaintiff training requests, and describe in detail the rationale behind such decisions. Include in your answer a discussion of the decision made in 2004 to deny Plaintiff training dollars for an SES developmental

course.  Also include in your description a discussion of the decision made in or around November 2004 to deny Plaintiff training she properly requested in her Individual Development Plan.

17. State the names, sex, race, EEO activity, address, and telephone number of every Agency employee involved in the decision to deny Plaintiff her July 2004 mid-year performance review, and describe in detail the rationale behind the decision, explaining individually each factor the Agency considered in making the decision.

18. State whether Defendant denies that Mr. Rutledge issued Plaintiff a negative performance evaluation for the rating period of October 1, 2003 through September 30, 2004, and state whether Defendant denies that Mr. Rutledge gave Plaintiff a lower performance rating than her work merited on or about October 20, 2005.  If so, explain Defendant's version of events.  If not, explain the factors and/or criteria used to perform the evaluation and explain how Plaintiff failed to meet such factors/criteria.

19. State whether Defendant denies that Plaintiff was issued a lower award than similarly-situated male co-workers.  If so, explain the factual basis for your denial.  If not, explain the factors and/or criteria used to decide

Plaintiff's award and explain how Plaintiff failed to meet such factors/criteria for a higher award.

20. State the name, race, sex, prior EEO activity, position, grade, address, telephone numbers of all persons employed in the VHA Office of Finance or its predecessors for whom environmental and/or working-condition accommodations have been requested and identify any accommodation that was approved because of an employee's physical or mental disability from the calendar year 1999 to the present.

21. State each and every reason why the Agency has denied Plaintiff's request for a private office and/or appropriate environmental accommodation for her documented migraine headaches.

22. State each and every reason why the Agency required Plaintiff to attend meetings about re-writing her position description.

23. State the name, position, address and telephone numbers of each and every person who accessed Plaintiff's official personnel file from October 2000 to the present.

24. State the name, position, address and telephone numbers of each and every Agency employee who visited or consulted the Agency psychologist for a reason related to harassment or

13

mistreatment the employee experienced while working in the
Office of Finance.

Respectfully submitted,


_____/s/_____
JOSEPH D. GEBHARDT
MYRREL C. HENDRICKS, JR.
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
(202) 496-0400

June 29, 2007                    Attorneys for Plaintiff

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's First Set of Interrogatories was served this 29th day of June, 2007, via facsimile and hand delivery via Courier, upon counsel for Defendant as follows:

> John F. Henault, Esq.
> Assistant United States Attorney
> United States Attorney's Office
> 555 4th Street, NW
> Washington, DC 20530
> (202) 307-1249
> Fax: (202) 514-8780
> Email: john.henault@usdoj.gov

_____

_____      _____/s/_____
                                          MYRREL C. HENDRICKS, JR.

15

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ANN M. MOGENHAN,                    )
                                    )
          Plaintiff,                )
                                    )
     v.                             )
                                    )   Civil Action No. 06-2041 (GK)
R. JAMES NICHOLSON,                 )
Secretary of Veterans              )
Affairs,                            )
                                    )
          Defendant.                )
_____)

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff Ann M. Mogenhan, by and through her undersigned
counsel, hereby serves Defendant with the following Requests for
Production of Documents pursuant to Rule 34 of the Federal Rules
of Civil Procedure, and requests responses within 30 calendar
days from the date of receipt.

**Instructions**

The following requests seek information presently in the
possession, custody, control, or knowledge of Defendant and his
employees, including information contained in or on any
documents as defined below or any other things known or
available to the Defendant, his employees, attorneys, invest-
igators, agents, or any other person acting with or on the
Defendant's behalf.  All answers will be deemed to reflect the

knowledge of the Defendant, and all responses to the requests should indicate the person principally responsible for providing the information contained in the answer.

These requests are continuing in nature and require prompt supplementation or modification should Defendant acquire any additional information relating in any way to the requests after the date of response. If Defendant lacks any information necessary to respond to any of the requests, describe the specific efforts made by Defendants or anyone on their behalf to ascertain the information, and state when Defendant anti-cipates obtaining the information. Any additional information must be furnished to Plaintiff's undersigned counsel promptly after it is acquired.

In responding to these requests, identify people by their full name, title, office, last known address, and telephone number. When identifying any document, describe it with reference to its title or caption, the date it was produced or signed, the name of the person who prepared or signed it, and the subject it addresses or its purpose. When describing a statement or oral communication, indicate the date and place it occurred, the manner of communication, the identity of each person who participated in or was present during or heard any

2

part of the communication, the substance of what was said by each person participating in the communication, and all writings that record, summarize, confirm, or in any manner refer to the communication.

If documents responsive to these requests exist in electronic format, then your responses are to be produced in electronic format, along with the record layout and documentation of coded fields (data dictionary), to the extent it exists. All electronic database materials should be trans-mitted as either comma delimited or fixed length format text files. If the comma delimited file format is chosen, the first record in the file should contain the field names. If the fixed length format is chosen, a separate document should be provided which identifies each field name, type, and length, and, if numeric, the appropriate decimal location. Your response should also be produced in hard-copy on standard 8.5 x 11 inch paper.

If the requested information or document is known to have existed, but no longer exists or is no longer in Defendant's possession, custody, or control, identify its last known custodian and state the date upon which it was lost or destroyed or otherwise became unavailable.

As to any request to which Defendant asserts an objection,

please fully describe the grounds for the objection so as to provide the Court and Plaintiff a full and reasonable basis to understand and evaluate such objection. If Defendant intends to withhold any information under a claim of privilege, identify the type of material being withheld, its general subject matter, the date it was prepared or signed, and additional information as is needed to reference the item without revealing the material claimed as protected, including, where appropriate, the author, addressee, custodian, any other recipients, and the respective relationships of these individuals. If any information contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without disclosing the privileged material. If any document has been redacted or altered in any fashion, make the redaction or alteration clear, and state the reason for the alteration, indicate the date of the alteration, and identify the person who made the alteration.

If Defendant believes any of these requests are unclear or ambiguous, please provide Plaintiff's counsel with a written request for additional clarification in a prompt and timely manner to assure that Defendant's responses are provided within the allotted time. Plaintiff will respond to any concern in the

4

form of a Supplemental Discovery Request.  Plaintiff will seek to address any concern in the spirit of ABA Civil Discovery Standards 5, 11, and 12.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant's responses to these Requests for Production of Documents must be provided to undersigned counsel within 30 days, i.e., by July 29, 2007. <u>See</u> Fed. R. Civ. P. 34(b).

<u>**Definitions**</u>

1.  <u>Defendant</u>: means R. James Nicholson, Secretary of Veterans Affairs, and his employees, attorneys, representatives, investigators, agents, or any other person acting with or on his behalf.

2.  <u>Agency</u>: means the U.S. Department of Veterans Affairs and each of its divisions and departments, including Veterans Health Administration ("VHA") Office of Finance, as relevant to the employment of Plaintiff and the discrimination and retaliation claims raised in this action.

3.  <u>Office of Finance</u>: means the Veterans Health Administration Office of Finance **and its predecessors**, including all units for which Jimmy Norris was at any time employed in the unit's supervisory chain of command.

5

4.   <u>Person</u>: means a natural person or any business, legal entity, government entity, or association.

5.   <u>Employee</u>: means any person assigned to perform some duty on behalf of any Defendant, whether paid or unpaid, including interns, clerks, administrators, staff and students.

6.   <u>Document</u> or <u>Record</u>: means any written or otherwise recorded graphic matter of any type or nature and any electronically stored information as defined in Rule 34(a) of the Federal Rules of Civil Procedure.  Accordingly, the terms include any: written, printed, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any type or nature however produced or reproduced, whether sent or received, including, but not limited to, all records, memoranda, emails, reports, financial statements, business records, handwritten and other notes, transcripts, papers, letters, envelopes, faxes, telegrams, cables, telex messages, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, diaries, lists, log books, comparisons, surveys, charts, graphs, books, pamphlets, articles, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, regulations, minutes, or transcriptions of

6

notations, meetings or telephone conversations or other communications of any type, photographs, microfilms, tapes, discs, data cells, drums, computer programs and printouts, video-recordings or other data compilations from which information can be obtained.

7. <u>Communication</u> or <u>Correspondence</u>: means transmittal of information by any means.

8. <u>Concerning</u>: means regarding, relating to, referring to, describing, evidencing, or constituting.

9. <u>Accommodation</u>: means any modification or adjustment to a work, policy, practice, procedure, system (including computers), or environment, or any alternative working condition provided to any employee because of a physical or mental impairment or disability.

<u>**Requests for Production of Documents**</u>

1. Any and all documents reviewed or referred to in the answer to Plaintiff's First Set of Written Interrogatories or to respond to the Plaintiff's Request for Admissions.

2. Any and all official files Defendant maintained regarding Plaintiff, including, but not limited to, Plaintiff's complete personnel files, performance evaluations, records of raises, awards and/or bonuses, counseling records,

7

disciplinary actions and/or grievance documents.

3.   Any other information, documents, or notes maintained on Plaintiff which are not in her official personnel files.

4.   The complete official personnel files of David Rutledge, Jimmy Norris and Almetta Moore, and any other personnel information, drafts, documents, or notes maintained on them which are not in their official personnel file, including any performance ratings or appraisals, letters of commendation, records of counseling, performance plans, and/or salary appraisal forms.

5.   The complete official personnel files of any employees whom Defendant presently intends to call as a witness at the trial on Plaintiff's Complaint.

6.   Any and all correspondence or communication, other than privileged communications with Defendant's attorneys, to or from  David Rutledge, Jimmy Norris and Almetta Moore, and any other person, including any person assigned to the EEO office or performing EEO counseling duties concerning Plaintiff or any of the discrimination issues raised by this action.

7.   Any and all correspondence or communication to or from Plaintiff  on  one  hand  and  on  the  other  hand,  David

Rutledge, Jimmy Norris and Almetta Moore, from the calendar year 1999 through the present.

8.    Any and all records of accommodation requests (whether formal or informal) filed by Plaintiff or any other employee, who worked in the Office of Finance.

9.    Any and all records of discrimination complaints filed by Plaintiff or any other employee, who worked in the Office of Finance.

10.   Any and all materials regarding any policy or practice identified in Interrogatory Nos. 5 through 7 or your answers thereto.

11.   Any and all materials related to the factors or criteria identified in Interrogatory Nos. 8 through 10 or your answers thereto.

12.   Any and all materials regarding Agency policy or practices from 2000 or the present related to evaluating or determining classification standards for all positions at the GS-14, GS-15 or SES levels.

13.   Any and all materials regarding Agency policy or practices related to the hiring of individuals who possess physical or mental disabilities.

14.   Any and all materials regarding Office of Personnel

9

Management ("OPM") policy or practices related to the hiring of individuals who possess physical or mental disabilities.

15. Any and all materials regarding Agency policy or practices related to evaluating, granting or denying accommodations to employees who possess physical or mental disabilities.

16. Any and all materials regarding OPM policy or practices related to the evaluating, granting or denying accommodations to employees who possess physical or mental disabilities.

17. Any and all materials regarding the White House Initiative (aka New Freedom Initiative) related to the employment of individuals with disabilities.

18. Any and all materials regarding OPM Initiatives related to the employment of individuals with disabilities.

19. Any and all materials regarding VHA Initiatives related to the employment of individuals with disabilities, including but not limited to any requests for accommodation and any documents reflecting whether such requested accommodations were provided and the basis for the decision.

20. Any and all materials regarding Agency policies from 2000 to 2006 related to document retention or destruction.

10

21. Any and all materials regarding OPM policies from 2000 to 2006 related to document retention or destruction.

22. Any and all materials that were consulted or referred to in Interrogatory No. 23 or your answer thereto.

23. Any and all materials that relate in any way to the investigation into the September 21, 2001 incident between Mr. Rutledge and Plaintiff involving Plaintiff's submission of a written nomination package.

24. Any and all materials that relate in any way to Interrogatory No. 24 or your answer thereto.

25. Any and all organizational charts that indicate the structure of the Office of Finance, from the calendar year 1999 through the present.

26. Any and all staffing charts that indicate the names of any employees who worked for the Office of Finance, from the calendar year 1999 through the present.

27. Any and all materials related to Office of Finance re-organizations, from the calendar year 1999 through the present.

28. Any and all materials related to Position Descriptions for any Office of Finance employee from the GS-13 through the SES level, from the calendar years 1999 through the

present.

29. Any and all Individual Development Plans for any Office of Finance employee from the GS-13 through the SES level, that were conducted from the calendar year 1999 through the present.

30. Any all materials related to training courses that were available to any Office of Finance employee from the GS-13 through the SES level, from the calendar year 1999 through the present.  Include in your response any materials that reflect the name, cost, date, credit availability and funding availability of such courses.

31. Any and all materials related to any awards, including performance bonuses and suggestion awards, given to any Office of Finance employee, from the calendar year 1999 to the present.

32. Any and all nomination packages for any and all positions from the GS-13 through the SES level, filled in the Office of Finance, from the calendar year 1999 to the present.

33. Any and all applications for any and all positions from the GS-13 through the SES level, submitted to the Office of Finance, from the calendar year 1999 to the present.

34. Any and all vacancy announcements or advertisements for any

12

and all positions from the GS-13 through the SES level, posted by the Office of Finance, from the calendar year 1999 to the present.

35. Any and all calendars in any format and media belonging to Jimmy Norris.

36. Any and all calendars in any format and media belonging to Art Hamerschlag.

37. Any and all calendars in any format and media belonging to David Rutledge.

38. Any and all records on which Defendant relied in making its decisions identified in Interrogatories Nos. 11 through 17.

39. If the Defendant believes that Plaintiff was not denied any accommodations or subjected to discrimination, any and all records or documents that support that conclusion.

40. Any other documents, paper or electronic, related to or responsive to the allegations in Plaintiff's Complaint, other than those included in response to Requests Nos. 1 through 39.

41. Any and all documents used by or produced by any experts whom Defendant has retained to assess Plaintiff's Complaint and/or whom Defendant intends to call as a witness at Plaintiff's trial.

13

42. All documents of any description that Defendant intends to use or introduce at the trial on Plaintiff's Complaint.

43. All documents of any description that Defendant intends to use during depositions in this case.

44. All nomination packages sent forward to the Secretary of the Veterans Affairs or the UnderSecretary of Veterans Affairs for each and every GS-15 or SES position filled that reported directly or indirectly to Jimmy Norris from 1999 to the present, including the Veterans Health Administration Office of Finance and each of its predecessor organizations, including the Veterans Health Administration Chief Financial Office. These nomination packages include but are not limited to any vacancy announcements, all applications and the selection nomination.

                    Respectfully submitted,


                    _____/s/_____
                    JOSEPH D. GEBHARDT
                    MYRREL C. HENDRICKS, JR.
                    GEBHARDT & ASSOCIATES, LLP
                    1101 17th Street, N.W.
                    Suite 807
                    Washington, DC 20036-4716
                    (202) 496-0400

June 29, 2007        Attorneys for Plaintiff


                    14

## <u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's First Set of Requests for Production of Documents was served this 29th day of June, 2007, via facsimile and hand delivery via Courier, upon counsel for Defendant as follows:

John F. Henault, Esq.
Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530
(202) 307-1249
Fax: (202) 514-8780
Email: john.henault@usdoj.gov

_____
                                         _____/s/_____
_____MYRREL C. HENDRICKS, JR.

15

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANN M. MOGENHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 06-2041 (GK) |
| R. JAMES NICHOLSON, | ) |
| Secretary of Veterans | ) |
| Affairs, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## PLAINTIFF'S REQUEST FOR ADMISSIONS

Plaintiff Ann M. Mogenhan, by and through her undersigned counsel, hereby serves Defendant with the following Interrogatories pursuant to Rule 36 of the Federal Rules of Civil Procedure, and requests answers within 30 calendar days from the date of receipt.

## INSTRUCTIONS

Please state whether Defendant admits, denies, or is without sufficient information to admit or deny each of the following Requests for Admission. If the Agency denies or indicates a lack of sufficient information to admit or deny any fact and/or allegation made by Plaintiff in his Complaint or his Request for Admissions, state any and all facts and reasons that the Agency relies upon in making such denial and state the

reason for the denial and/or the information that is needed, but is lacking, to sufficiently admit or deny the request.

### Requests for Admissions

1. Admit that the answers to Plaintiff's First Set of Written Interrogatories are true and correct.

2. Admit that all documents served in response to the Plaintiff's First Request for Production of Documents are true, correct, and authentic copies of the originals.

3. Admit that Plaintiff was assigned to perform menial tasks normally assigned to GS-5 and GS-6 employees commencing in or around November 2004.

4. Admit that Plaintiff was assigned to perform clerical tasks normally assigned to GS-5 and GS-6 employees commencing in or around November 2004.

5. Admit that Plaintiff was assigned to perform some duties equivalent to those assigned to GS-15 employees commencing in or around November 2004.

6. Admit that Plaintiff was assigned to perform duties equivalent to those assigned to employees who occupied Operations Officer positions commencing in or around November 2004.

7. Admit that Plaintiff was not promoted to an Operations

Officer position.

8.   Admit that employees were encouraged to circumvent Plaintiff by submitting materials for review directly to Jimmy Norris for approval.

9.   Admit that employees were rewarded for circumventing Plaintiff by submitting materials for review directly to Jimmy Norris for approval.

10.  Admit that David Rutledge made verbally abusive statements to Plaintiff on or about September 21, 2001 regarding a written nomination package Plaintiff had submitted.

11.  Admit that David Rutledge made insulting statements to Plaintiff on or about September 21, 2001 regarding a written nomination package Plaintiff had submitted.

12.  Admit that David Rutledge made derogatory statements to Plaintiff on or about September 21, 2001 regarding a written nomination package Plaintiff had submitted.

13.  Admit that David Rutledge made verbally abusive statements to Plaintiff on or about October 26, 2001 regarding Plaintiff's absence from a staff meeting.

14.  Admit that David Rutledge made insulting statements to Plaintiff on or about October 26, 2001 regarding Plaintiff's absence from a staff meeting.

3

15.  Admit that David Rutledge made derogatory statements to
     Plaintiff on or about October 26, 2001 regarding
     Plaintiff's absence from a staff meeting.

16.  Admit that David Rutledge criticized Plaintiff and several
     other female employees on or about October 18, 2005, for
     failing to communicate through the chain of command.

17.  Admit that David Rutledge did not criticize any male
     employees on or about October 18, 2005, for failing to
     communicate through the chain of command.

18.  Admit that Almetta Moore regularly made vulgar comments to
     Plaintiff commencing in or around November 2004.

19.  Admit that Almetta Moore regularly made insulting comments
     to Plaintiff on several occasions commencing in or around
     November 2004.

20.  Admit that Plaintiff was denied a performance award for her
     work in or around April 2002.

21.  Admit that Plaintiff was prevented from performing her
     duties related to office reorganization and/or realignment
     in or around April 2003.

22.  Admit that Plaintiff was prevented from attending meetings
     regarding her reorganization and/or realignment duties in
     or around April 2003.

4

23. Admit that Plaintiff was denied training for which she applied in a proper manner commencing on or around November 2004.

24. Admit that Plaintiff was denied training that she requested in a proper manner which was consistent with her IDP.

25. Admit that Plaintiff was denied training dollars that she requested in a proper manner in her Individual Development Plan in 2004 to fund an SES developmental course.

26. Admit that Plaintiff was not provided with her July 2004 mid-year performance review.

27. Admit that Mr. Rutledge issued Plaintiff a negative performance evaluation for the rating period of October 1, 2003 through September 30, 2004.

28. Admit that Mr. Rutledge gave Plaintiff a lower performance rating than her work merited on or about October 20, 2005.

29. Admit that Plaintiff was issued lower awards commencing in November 2004 than similarly-situated male co-workers.

30. Admit that Plaintiff's request for a disability accommodation (in the form of a private office for her migraine headaches) was delayed and/or was processed in non-expeditious manner.

31. Admit that Plaintiff was required to attend meetings in or

5

around November 2005 related to re-writing her position description.

32. Admit that no similarly-situated male employees were required to attend meetings in or around November 2005 related to re-writing their position statements.

33. Admit that no employees, other than Plaintiff, were required to attend meetings in or around November 2005 related to re-writing their position statements.


Respectfully submitted,


_____/s/_____
JOSEPH D. GEBHARDT
MYRREL C. HENDRICKS, JR.
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716
(202) 496-0400

June 29, 2007          Attorneys for Plaintiff

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Request for Admissions was served this 29th day of June, 2007, via facsimile and hand delivery via Courier, upon counsel for Defendant as follows:

> John F. Henault, Esq.
> Assistant United States Attorney
> United States Attorney's Office
> 555 4th Street, NW
> Washington, DC 20530
> (202) 307-1249
> Fax: (202) 514-8780
> Email: john.henault@usdoj.gov

                            /s/
_____MYRREL C. HENDRICKS, JR.

7

GEBHARDT

IJUL 0 5 2007

RECEIVED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANN M. MOGENHAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-2041 (GK) |
| v. | ) | |
| | ) | |
| R. JAMES NICHOLSON, | ) | |
| Secretary of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, 26(g) and Local Civil Rule 26.2, you are hereby requested to answer, under oath and within 30 days, the following interrogatories.

## INSTRUCTIONS

1.     Each interrogatory and subpart thereof must be answered separately, fully, under oath, and in writing, and such answers must be served upon counsel for defendant within 30 days after service hereof.

2.     These interrogatories are continuing in character, and therefore require you to file supplementary answers if you obtain further or different information before trial.

3.     Unless otherwise indicated, these interrogatories refer to the time, place and circumstances of the occurrence(s) mentioned, alleged or complained of in your Complaint.

4.     Where knowledge or information in possession of Plaintiff is requested, such request includes knowledge of the Plaintiff's servants, employees, agents, representatives, spouse, family and attorney(s).  The term "representative" will mean and include any and all agents, servants and employees.

5.     Where an individual interrogatory calls for an answer that involves more than one part, each part of the answer should be clearly set out so that it is understandable.

6.     If you lack the information necessary and answer any of the interrogatories, please describe the specific effort(s) made by you or anyone on your behalf to ascertain the information and state as definitely as possible when you anticipate obtaining the information and supplementing your response.

7.     For each interrogatory, identify all persons who have provided the facts upon which the answers are based, or if a document is relied upon, identify the document.

8.     In answering these interrogatories, furnish all information that is available to you or otherwise subject to your custody and control.

9.     If you know of any documents, communication, or information but cannot give the specific information or the full information for which a particular interrogatory calls for, so state, give the particular reasons for your inability, give the best information that you can provide on the subject (such as approximate dates or amounts), and identify every person whom you believe may have the requested information.

10.     If any response to the following interrogatories is withheld, in whole or in part, under any claimed privilege(s), work product, or for any other reason, state the basis for your refusal to answer, and identify all allegedly privileged oral and written communications containing information requested by the interrogatory.  In addition, you must produce a privilege log as required under the Federal Rules of Civil Procedure, which must state the precise privilege or privileges you are interposing with respect to the interrogatory.  Supply sufficient factual detail

2

to enable the Court to determine whether or not such document or communication is truly

privileged, including:

(a) the date or dates of the communication or of the document; (b) the name, position and

address of each person who participated in the communication or the preparation of the

document; (c) the name, position and address of each person to whom the communication

or document was addressed; (d) the name and address of each person, other than the

addressee, to whom the document, communication, or the substance thereof have been

disclosed in any way; (e) the general subject matter of the document or communication;

and (f) the basis or bases for the claim of privilege.

## DEFINITIONS

1.       "And" will be deemed to include "or" and vice versa; the singular form shall be

deemed to include the plural and vice versa.

2.       "Communications" include conversations, telephone calls, letters, telegrams,

electronic mail, video transmissions, or facsimiles and any other written, oral, or other forms of

communications.

3.       The terms "describe" or "description", when referring to any event, mean to

provide the following information:

(a) The time, date, and place of the event (including by way of amplification and not

limitation a meeting, occurrence, or event);

(b)  the identification of each person who participated in the event or was a witness

thereto;

(c)  the subject matter and substance of that which took place; and

3

(d)  the identification of each document relating to the event.

4.      "Document" means any written, recorded, graphic, electronic or other material, however produced or reproduced, whether or not in the possession, custody, or control of plaintiff, and whether or not claimed to be privileged against discovery on any grounds, including, but not limited to, material in the form of books, reports, witness statements, studies, records, agreements, lists, memoranda, diagrams, checks, sketches, charts, diaries, correspondence, notebooks, facsimiles, telegrams, schedules, bills, invoices, notes, photographs, videotapes, sound recordings, appointment calendars, films, worksheets, computer printouts, computer disks, information stored in computer memory drives of any kind, bookkeeping entries, or any other documents of any kind whatsoever, irrespective of the form, including any draft or working copy.

5.      "Identify" means:

(a)  When referring to a natural person, state his or her full name and present or last

    known business and residence address (including street name and number), his or her last

    known or present business affiliation, and his or her position and business affiliation at

    the time of the event or matter in question;

(b)  When referring to any entity other than a natural person, state its full name and the

    address of its principal place of business;

(c)  When referring to a document, indicate the type of document (for example, letter,

    record, list, chart, memorandum, report, etc.) and provide its date, title, subject matter and

    substance, identification of the person by whom the document was prepared and to whom

    it was delivered, and other information necessary to enable the custodian to locate the

4

particular document and necessary for use in a demand for the production of documents

under subpoena or the Federal Rules of Civil Procedure;

(d) When referring to an oral communication:  (i) state the date and place thereof; (ii)

identify each person making the communication, the person to whom it was made, and

each person who was present (in person or by telephone) when it was made; (iii) state the

subject and substance of the communication; and (iv) specify each document relating to

the communication or that was prepared or made during the course thereof or as a

consequence thereof.

6.    "Person" means any natural person and any entity other than a natural person,

including a government or government agency.

7.    A communication or document "relating" to any given subject means any

communication or document that includes statements about, discusses, describes, reflects,

identifies, refers to, deals with, or is in any way pertinent to that subject.

8.    "State the basis," when referring to a contention, means: (a) describe all facts,

identify all persons having knowledge of such facts, identify all oral communications concerning

such facts, and identify all documents on which you rely to support your contention; and (b) set

forth the legal or factual theory on which you rely and each logical step in your analysis.

9.    "You" means the person to whom these interrogatories are directed, together with

her attorneys and any other person acting directly or indirectly on her behalf.

10.    The term "Discussion" refers to all communications, other than those which were

accomplished only by use of documents and then only to the extent those documents are

completely identified, whether or not accomplished with the aid of any electrical, mechanical, or

5

any other device, and whether or not only one party spoke or communicated. It includes, but is not limited to, meetings, phone conversations, chance encounters, advice or promises, requests, and meetings and telephone calls which are not evidenced by documents not included in paragraph 5(c) above.

## INTERROGATORIES

1. Identify each act by any individual you allege constitutes unlawful discrimination or retaliation against you on any basis, including in your answer the date of such discrimination and all facts on which you bases your claim of discrimination.

2. For each act identified in Interrogatory 1, identify the date you sought informal counseling relating to such act, the date you received your right to file a formal complaint of discrimination, the date you filed a formal complaint of discrimination, the date you received the final agency decision, if any, and the date you file an action in federal court relating to such act.

3. Identify each and every position you held at the Department of Veterans Affairs, including the date you encumbered such position, the position title, the beginning and full performance grades for the positions, the supervisors of such positions, and the duties of such positions.

4. Identify each person who you are aware observed or has information about each of the acts identified in response to Interrogatory 1, including in your answer the specific act for which you are aware that this person observed or has knowledge.

5. Identify all complaints of discrimination filed by plaintiff, whether formal or informal.

6

6. Identify the date and factual circumstances giving rise to plaintiff's allegations that any employee of the defendant had knowledge of plaintiff's prior EEO complaints, including in your response the date and facts for each person so identified.

7. Identify all awards that plaintiff alleges she should have received but did not receive due to any alleged discrimination, including in your response the date plaintiff alleges she should have received such award, the amount of the award, and the facts giving rise to plaintiff's allegations that she should have received the award.

8. Identify all promotions applied for by plaintiff at the Department of Veterans Affairs, including in such response the specific vacancy announcement under which plaintiff applied, the dates of such applications and the positions for which plaintiff applied.

9. Identify any work assigned to plaintiff that she alleges was not properly assigned to plaintiff and for which plaintiff alleges was a discriminatory or retaliatory work assignment.

10. Identify all requests for training submitted by plaintiff to defendant, including in your response the date of the request, the training requested, the person to whom the request was submitted.

11. Identify by name and position all persons who received training that plaintiff alleges she should have received.

12. Identify each and every person who plaintiff alleges to be similarly situated to her for purposes of plaintiff's claims of discrimination or retaliation, including in the response the person's name, sex, age, position and grade.

13. Identify any medical professions who plaintiff alleges treated her for any medical condition relating to the allegations set forth in the amended complaint.

7

14. Identify with specificity any and all damages alleged by plaintiff to be the result or related to the allegations set forth in the amended complaint.

July 2, 2007                                      Respectfully submitted,


                                                 _____
                                                 JEFFREY A. TAYLOR, D.C. Bar # 498610
                                                 United States Attorney


                                                 _____
                                                 RUDOLPH CONTRERAS, DC BAR #434122
                                                 Assistant United States Attorney


                                                 _____
                                                 JOHN F. HENAULT, D.C. Bar # 472590
                                                 Assistant United States Attorney
                                                 555 4th Street, N.W.
                                                 Washington, DC 20530
                                                 (202) 307-1249
                                                 (202) 514-8780 (facsimile)

8

## CERTIFICATE OF SERVICE

On July 2, 2007, a true and correct copy of the foregoing was served by first class mail on:

MYRELL C. HENDRICKS, JR.
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716

John F. Henault
Assistant United States Attorney

9

GEBHARDT

1 JUL 0 5 2007

RECEIVED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANN M. MOGENHAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-2041 (GK) |
| v. | ) | |
| | ) | |
| R. JAMES NICHOLSON, | ) | |
| Secretary of Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure, you are hereby requested to produce the documents identified herein within 30 days of receipt of these Requests for Production of Documents.

### DEFINITIONS AND INSTRUCTIONS

The definitions and instructions set forth in Defendant's First Set of Interrogatories are hereby incorporated by reference and made applicable to the following requests for production of documents.

Please organize and label all documents submitted in a manner which clearly indicates the particular request to which each document is responsive.

### REQUESTS

1. Any and all documents reviewed or referred to in the answer to defendant's first interrogatories.

2.  All documents in plaintiff's possession, custody or control regarding any of the acts giving rise to the claims set forth in plaintiff's amended complaint, regardless of the author of the document.

3.  All documents that reference or reflect any and all communications between plaintiff and any other person regarding any of the acts giving rise to the claims set forth in plaintiff's amended complaint.

4.  All documents regarding any accommodation requests by plaintiff to any person during the time frame of the relevant acts set forth in the amended complaint.

5.  All documents regarding any claim of discrimination against any person by plaintiff from 1995 to present.

6.  All documents regarding any damages suffered by plaintiff alleged to arise in part of in whole from the allegations set forth in the amended complaint.

7.  All medical records relating to any medical condition alleged to be the result of the allegations set forth in the amended complaint or relating to the allegations set forth in the amended complaint.

8.  All documents relating to plaintiff's application for employment with the Department of Veterans Affairs.

9.  Any documents submitted by plaintiff to defendant alleged to comprise or give rise to the claims set forth in the amended complaint.

10.  All documents relating to any application for promotion submitted by plaintiff to the Department of Veterans Affairs.

11.  All documents relating to any financial damages or loss alleged by plaintiff to arise from the allegations set forth in the amended complaint.

12.  All document you intend to use as an exhibit at the trial in this matter.

13.  All documents exchanged by and/or between you and any EEO or Department of Veterans Affairs employee concerning any of your administrative complaints of discrimination or retaliation, or any of the actions giving rise to the allegations set forth in the amended complaint.

July 2, 2007                                    Respectfully submitted,


/s/ _____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/ _____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

/s/ _____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

3

## CERTIFICATE OF SERVICE

On July 2, 2007, a true and correct copy of the foregoing was served by first class mail

on:

MYRELL C. HENDRICKS, JR.
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4716

John F. Henault
Assistant United States Attorney

4