UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANN M. MOGENHAN, | ) |
| | ) |
| Plaintiff, | ) No. 06-2041 (GK) |
| v. | ) |
| | ) Status Conference Oct. 2, 2007 |
| R. JAMES NICHOLSON, | ) 9:45 am |
| Secretary of Veterans Affairs, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S "MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OBJECTIONS" TO DEFENDANT'S DISCOVERY REQUESTS**

On July 13, plaintiff, though counsel, filed what she called "plaintiff's memorandum of points and authorities in support of plaintiff's objections to defendant's first set of interrogatories and defendant's first set of requests for production of documents." Plaintiff's motion is not only meritless; it also a constitutes a violation of this Court's Scheduling Order, as well as the Local Civil Rules.

### BACKGROUND

On May 30, 2007, the parties appeared before this Court for an initial scheduling conference. During this conference, the Court stated that, because plaintiff wished for early mediation, and defendant stated that early mediation was unlikely to be productive, the parties should complete some initial discovery early in the case. As relating to the instant motion filed by plaintiff, the Court ordered that all written discovery be filed by July 1, 2007. See May 30, 2007 Scheduling Order (Docket Entry # 11).[1]

---

[1] Because undersigned counsel was just transferred this case, defendant will be filing a motion for an extension of all pending deadlines other than the close of discovery.

Because July 1 was a Sunday, defendant served plaintiff with defendant's written discovery, both document requests and interrogatories, on Monday, July 2, 2007. On July 13, 2007, without consulting with counsel for defendant prior to the filing, plaintiff filed with the Court the document she called her "plaintiff's memorandum of points and authorities in support of plaintiff's objections to defendant's first set of interrogatories and defendant's first set of requests for production of documents." In her motion, plaintiff asserted that she should be excused from compliance with defendant's discovery request because they were filed on July 2, not July 1, and requested the Court issue an order excusing her from responding to the discovery.

Regarding plaintiff's filing, former counsel for defendant spoke with counsel for plaintiff on July 17, explained that pursuant to Federal Rule of Civil Procedure 6(a), because the deadline for filing written discovery was a Sunday, defendant was proper in serving his discovery requests on July 2, 2007. Former counsel for defendant also requested that counsel for plaintiff withdraw her filing, given that the Local Civil Rules required plaintiff to consult with defendant prior to filing the motion, that the Local Civil Rules preclude a party from filing discovery materials, and that this Court's Scheduling Order precludes the parties from filing a discovery motion without first contacting the Court by telephone. Although counsel for plaintiff stated that he would withdraw the motion, plaintiff has not yet done so and, accordingly, defendant files this opposition to plaintiff's motion.

## ARGUMENT

**I. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 6(a), DEFENDANT PROPERLY SERVED HIS DISCOVERY REQUESTS ON JULY 2**

Federal Rule of Civil Procedure 6(a) provides that, when a deadline set by Court Order falls on a weekend or holiday, the specific deadline shall be extended to the next day that is not a

weekend or holiday. See Fed. R. Civ. P. 6(a). The deadline set by this Court's Scheduling Order for serving written discovery was July 1, 2007, which was a Sunday. Accordingly, pursuant to Federal Rule of Civil Procedure 6(a), that deadline became Monday, July 2. As acknowledged in plaintiff's motion, defendant served his written discovery requests by mail on Monday, July 2.[2] See Pltf's Motion at p.4.

Because defendant served his requests on July 2, such requests were proper pursuant to the Federal Rules of Civil Procedure and this Court's Scheduling Order. Accordingly, plaintiff's request to be "excused" from having to respond to defendant's requests is meritless and should be denied.

## II. PLAINTIFF'S FILING IS A VIOLATION OF THE LOCAL CIVIL RULES AND THIS COURT'S SCHEDULING ORDER

Local Civil Rule 7(m) requires counsel filing a non-dispositive motion to confer with opposing counsel prior to filing and must "include in the motion a statement that the required discussion occurred." Local Civ. R. 7(m). Prior to filing her memorandum, plaintiff failed to confer with counsel for defendant. Moreover, plaintiff failed to include in the motion a statement that such discussions occurred. Thus, plaintiff's filing violates of Local Civil Rule 7(m). Plaintiff's given reason to counsel for defendant for not conferring is that plaintiff's filing is not a "motion," and, therefore, Rule 7(m) is inapplicable. This claim is also meritless. As explained above, plaintiff's filings expressly request that this Court issue an order excusing her from

---

[2] Pursuant to Federal Rule of Civil Procedure 5, service of the discovery requests was effected when such requests were placed in the mail. See Fed. R. Civ. P. 5.

responding to defendant's discovery requests. Thus, plaintiff's filing, which seeks specific relief, is a motion and, therefore, violated Local Civil Rule 7(m).[3]

In addition to violating the Local Civil Rules, plaintiff's filing also violates the express terms of this Court's Scheduling Order. In the Court's May 30 Scheduling Order, the Court Ordered that "Counsel shall *not* file a discovery motion" prior to arranging and conducting a telephonic conference with the Court. See May 30, 2007 Order at ¶ 9. Plaintiff filed her July 13 filing without arranging such a conference. Accordingly, plaintiff's filing is a violation of the express terms of this Court's Scheduling Order.

## CONCLUSION

Because defendant properly filed his discovery responses on July 2, 2007, and plaintiff's filing is a violation of the Local Civil Rules as well as this Court's Scheduling Order, this Court should deny plaintiff's motion in its entirety and plaintiff should be required to respond to defendant's discovery request pursuant to the Federal Rules of Civil Procedure.

---

[3] If in fact the Court determines that plaintiff's filing was not a motion, the filing still violated Local Civil Rule 5.2, which precludes the filing of discovery materials. See Local Civ. R. 5.2.

Dated: July 27, 2007.                Respectfully Submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____
KENNETH ADEBONOJO
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7157
kenneth.adebonojo@usdoj.gov

Attorneys for R. James Nicholson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANN M. MOGENHAN, ) | |
| ) | |
| Plaintiff, ) | No. 06-2041 (GK) |
| v. ) | |
| ) | |
| R. JAMES NICHOLSON, ) | |
| Secretary of Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on "plaintiff's memorandum of points and authorities in support of plaintiff's objections to defendant's first set of interrogatories and defendant's first set of requests for production of documents." After considering all relevant pleadings, applicable law, and the record herein, it is this ____ day of _____, 2007, hereby

ORDERED, that plaintiff's motion is DENIED. Plaintiff shall respond to defendant's discovery requests in accordance with the Federal Rule of Civil Procedures.

Gladys Kessler
United States District Judge