# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **ANN M. MOGENHAN,** | ) |
| | ) |
| **Plaintiff,** | )  **No. 06-2041 (GK)** |
| **v.** | ) |
| | ) |
| **JAME B. PEAK,** | ) |
| **Secretary of Veterans Affairs,** | ) |
| | ) |
| **Defendant.** | ) |

_____)

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE

The Secretary of the United States Department of Veterans Affairs, James B. Peake ("Defendant"),[1] through the undersigned counsel, hereby opposes Plaintiff's Motion to Consolidate this action with the subsequently filed action, *Mogenhan v. Peake*, No. 07-0391(GK).  Defendant opposes on the grounds that Plaintiff's motion does not further any of the principles guiding whether cases should be consolidated under the Fed. R. Civ. P. 42(a).

Fed. R. Civ. P. 42(a) states that "[w]hen actions involving a common question of law or fact are pending before the [same] court, it may . . . order all the actions consolidated[,] and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." *Scarborough v. Nat. Assoc. of Surety Bond Prod.*, 447 F.Supp.2d 64, 70-71 (D.D.C. 2007) (quoting the rule).  The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court. *Id*. (citing *Am. Postal Workers Union v. USPS*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006).  In determining whether consolidation is appropriate, "courts weigh considerations of convenience and economy against considerations of confusion and

---

[1]    Secretary Peake, in his official capacity is substituted, for former Secretary of Veterans Affairs, R. James Nicholson, by operation of law pursuant to Fed. R. Civ. P. 25(d)(1).

prejudice." *Id*.; *see also Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003) (observing that "[c]onsolidation may increase judicial efficiency..." by avoiding redundancy). These important considerations suggest that consolidation is inappropriate here.

Plaintiff filed the complaint in this action, the original action, on November 29, 2006, alleging that she had been discriminated against because she was "subjected to disparate treatment and a hostile work environment" by her first- and second-level supervisors, Messrs. Rutledge and Norris respectively. Pl. Compl., at ¶14. She alleges that she was severe[ly] and pervasive[ly] mistreat[ed] and relegated to menial and clerical duties unrelated to her professional qualifications and position description.... *Id*. Although she did not file her first EEO complaint until December 20, 2001, pl. compl. at ¶8, Plaintiff alleges that she was discriminated against based on her race (white), gender and retaliated against beginning in October 2000, compl. at ¶17, when, among other things, she was denied promotional opportunities; employees were encouraged to bypass her; Mr. Rutledge verbally assaulted her on September 21, 2001 and October 26, 2001; denied her work awards on May 2, 2002; denied her an opportunity to participate in an SES development course in 2004; and unfavorably reviewed her work on November 16, 2004 and October 20, 2005. Pl. Compl. ¶¶17-33.[2]

Although she did not plead any facts to support an allegation that she was a GS-14 doing GS-15 work, Plaintiff sought as relief, *inter alia*, promotion to GS-15 by accretion of duties, declaratory and injunctive relief including record correction, and an injunction against further alleged retaliatory conduct. Pl. Compl. ¶37. On January 17, 2007, Plaintiff amended her

---

[2]     The only claims accepted for investigation were allegations of harassment based on an alleged verbal assault on September 21 and October 26, 2001, against Mr. Rutledge; Mr. Norris on December 11, 2001; and denial of an award on May 2, 2002.

complaint but left her allegations essentially unchanged. Docket Entry 3. Paper discovery in this action has been completed and the only outstanding discovery is Plaintiff's deposition scheduled for May 14, 2008. Plaintiff has not taken any depositions in this action and did not seek to extend discovery for that purpose. The Court has already made it clear that discovery was extended solely for the purpose of taking Plaintiff's deposition.

On March 4, 2008, Plaintiff filed her second action, *Mogenhan v. Peake*, No. 08-0391, alleging that "her non-selection for the One-VA SES candidate program[]" was based on her gender and in retaliation for prior EEO activity. Specifically, Plaintiff alleges that she was retaliated against because "other candidates were accepted for the One-VA SES Candidate program without the requirement that their supervisors execute the form that they would be willing to promote the candidate into [an] SES position." Pl. Compl. at ¶23. Plaintiff seeks, *inter alia*, immediate placement in the One-VA SES Developmental Program and immediate promotion to GS-15.

It is patent that, in exercising its discretion, the Court should be guided by considerations of convenience, judicial economy and avoiding undue prejudice to the non-moving party. *Scarborough*, *supra*. These paramount considerations strongly suggest that Plaintiff's motion should be denied. Although Plaintiff's complaints raise allegations against Messrs. Rutledge and Norris, they involve different sets of facts. In the first action, the relevant facts pertain to whether Plaintiff was verbally assaulted or threatened and whether Plaintiff was retaliated against for engaging in EEO activity when she was denied an award. In the second action, the relevant facts are whether Plaintiff was the only applicant required to submit a form from her supervisor as part of her application to participate in the VA-One program.

Although there are elements of retaliation in both cases, the allegations pertain to distinct sets of facts. Plaintiff's motion fails to meet the requirements of Fed. R. Civ. P. 42(a) because she merely concludes that the matters raise similar facts but fails woefully to set forth how that is so. Besides, the mere presence of some common questions does not require consolidation. *Pugh v. Baker Hughes Oilfield Ops. Inc.*, 2007 U.S. Dist. Lexis 83818, *2 (S.D. Texas 2007)(denying consolidation where one action dealt with plaintiff's classification as exempt or non-exempt and the second action dealt with allegations of discrimination).

It is also apparent that Plaintiff's motion is a thinly veiled attempt yo use the later action to conduct discovery that should have been conducted in the earlier one where discovery is now essentially closed. Granting Plaintiff's motion will enable her to conduct discovery through the back door, delay resolution of the instant action, and prejudice Defendant. *See EEOC v. Coastal Transp. Serv. Inc.*, 2007 U.S. Dist. Lexis 52570, *2 (S.D. Texas 2007) (noting that prejudice to the defendant could outweigh conservation of judicial resources and economy). Here, the considerations undergirding the governing rule are served by keeping the matters separate. Discovery in the first action will soon come to a close and the parties may then file their dispositive motions and, if need be, proceed to trial soon thereafter. The second matter is on a separate discovery tract and will not soon be ripe for dispositive motion or trial.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that Plaintiff's Motion to Consolidate be denied.

Dated:  April 28, 2008                    Respectfully Submitted,


                                          /s/
                                          _____
                                          JEFFREY A. TAYLOR, D.C. BAR # 498610
                                          United States Attorney


                                          /s/
                                          _____
                                          RUDOLPH CONTRERAS, D.C. BAR #434122
                                          Assistant United States Attorney


                                          /s/
                                          _____
                                          KENNETH ADEBONOJO
                                          Assistant United States Attorney
                                          555 Fourth Street, N.W.
                                          Washington, D.C.  20530
                                          (202) 514-7157
                                          kenneth.adebonojo@usdoj.gov

                                          Attorneys for James B. Peake

## CERTIFICATE OF SERVICE

I certify that on this 28th day of April 2008, I caused the foregoing Defendant's

Opposition to Plaintiff's Motion to Consolidate to be served on Plaintiffs' attorney, Myrell

Hendricks, Esq., via the Court's Electronic Case Filing system.

_/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)