UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANN M. MOGENHAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|  v. | ) |
| | ) Civil Action No. 06-2041 (GK) |
| JAMES B. PEAKE, | ) |
| Secretary of Veterans | ) |
| Affairs, | ) |
| | ) |
|     Defendant. | ) |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT
OF THE MOTION FOR CONSOLIDATION**

Plaintiff Ann M. Mogenhan, by and through undersigned counsel, hereby file Plaintiff's Reply Brief In Support of Motion for Consolidation of Mogenhan v. Peake, Civil Action No. 06-2041 (GK), and Mogenhan v. Peake, Civil Action No. 08-0391 (GK) pursuant to Rule 42 of the Federal Rules of Civil Procedure. Plaintiff states as follows:

*FACTUAL BACKGROUND*

1. On April 17, 2008, the parties had a status conference before the Honorable District Judge Gladys Kessler involving Plaintiff's first case, Mogenhan v. Peake, Civil Action No. 06-2041 (GK). During the status conference, counsel for Defendant

was asked whether the Defendant would consent to the consolidation of the Plaintiff's two employment discrimination cases.

2. Counsel for the Defendant responded to District Judge Kessler that the Defendant would not consent to the consolidate. He also indicated that since the case was assigned to another attorney, he had not had the opportunity to throughly read the second complaint.

3. Judge Kessler instructed counsel for the Plaintiff to file a Motion to Consolidate her two employment discrimination cases. Plaintiff's Counsel filed the Motion to Consolidate later that same day.

4. In support of the Motion, Plaintiff cited that the actions complained of in Plaintiff's second case were taken by Plaintiff's first-level supervisor, Associate Chief Financial Officer David Rutledge, and her second-level supervisor, Chief Financial Officer Jimmy Norris. These are the same two agency employees who took the actions complained of in Plaintiff's first case.

5. The second case alleges that through various means these two supervisors deprived Ms. Mogenhan of the opportunity to be selected for and participate in the Defendant's Senior Executive

Service ("SES") Development Program despite her outstanding credentials. The complaint alleges that their actions included failure over a period of years to assign her work commensurate with her position description. The complaint also alleges that her supervisors repeatedly did not properly rate her outstanding performance, nor was she given awards that were commensurate with her outstanding performance; especially as compared to the ratings and awards received by comparable male employees. These types of discriminatory actions also are the core of the original complaint.

6. The second complaint alleges that the discrimination was based on gender (female) and reprisal similar to the original complaint. The second complaint also includes discrimination based on disability (migraine headaches) which was not part of the original complaint.

7. On April 28, 2008, the Defendant filed its Opposition to Plaintiff's Motion to Consolidate. In this Opposition, Defendant seeks to create a false impression of the issues raised by these two cases. See Def. Opp., at 3.

8. The Defendant states that "in the first action the relevant facts pertain to whether the Plaintiff was verbally assaulted or threatened and whether Plaintiff was retaliated

against for engaging in EEO activity when she was denied an award." See Def. Opp., at 3. This is not an accurate summary of the discrimination allegations in the original complaint.

9. In like manner, the Defendant states that "in the second action, the relevant facts are whether the Plaintiff' was the only applicant required to submit a form from her supervisor as part of her application to participate in the VA-One program." See Def. Opp. at 3. This disingenuous summary is at most a small portion of the discrimination allegations that are contained in the second complaint.[1]

10. Plaintiff's complaint actually alleged that she was not selected for the SES Developmental program due to a pattern of unfair treatment by Mr. Rutledge and Mr. Norris, including lack of proper assignments, failure to rate her performance properly, and repeatedly requiring her to spend substantial time performing clerical duties. These same actions are central to the original discrimination complaint.

11. Comparing the complaints side by side shows that the nature of the discrimination claims raised by each of

---

[1] Based on this purported summary, as set forth in Defendant's Opposition, it appears that Defendant's Counsel may still not have carefully read Plaintiff's second complaint.

Plaintiff's employment discrimination cases is very similar. The alleged discriminatory actions in both cases were taken by the same actors, Mr. Rutledge and Mr. Norris.

*ARGUMENT*

I.  Plaintiff's Two Title VII Discrimination Complaints Should be Consolidated Because They Raise Common Issues of Both Law and Fact

The issue of whether to consolidate cases which involve common question(s) of law or fact is governed by Rule 42(a) of the Federal Rules of Civil Procedure. The applicable language of Fed.R.Civ.P. 42(a) which provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may....order all the actions to be consolidated." The decisions in this Circuit hold that the question of whether to consolidate is committed to the broad discretion of the trial court. See American Postal Workers Union v. USPS, 422 F. Supp. 2d 240, 240 (D.C.D.C 2006).

Thus this court has broad discretion to decide whether to consolidate Plaintiff's cases which involve numerous common question of both law or fact. Reviewing the discrimination allegations in Plaintiff's two complaints, it is pellucidly clear that there are common questions of both law and fact. The alleged

discriminatory actions against Plaintiff were taken by Mr. Rutledge and Mr. Norris in both cases. The alleged actions also occurred over a continuous period of time from 2000 through 2007.

The types of discriminatory actions taken are also very similar. The discrimination allegations common to both complaints are that Mr. Rutledge and Mr. Norris treated the Plaintiff differently and less favorably than her similarly employees, who were male or who had not engaged in protected EEO activity. The Plaintiff's history of prior protected EEO activity is an essential element of her reprisal claims in both discrimination cases.[2]. Defendant's Opposition discounts the common questions of law and fact which arise from these similar reprisal allegations in both cases.

Under Title VII, Plaintiff's allegations of discrimination based on the actions of Mr. Rutledge and Mr. Norris must be evaluated based on the applicable burdens of proof set forth by the Supreme Court in <u>McDonnell Douglas v. Green</u>, 411 U.S. 793

---

[2] During the April 17, 2008, Status Conference, Counsel for the Defendant mistakenly stated, in response to District Judge Kessler, that reprisal was not a claim in both of these discrimination cases. A quick review of Plaintiff's two complaints demonstrates that this was an error since reprisal is cited in both complaints. Compare Amended Complaint, at ¶¶ 34-36 and Second Complaint, at ¶¶ 26 and 27.

(1973).  The legal issues concerning whether Plaintiff has established a *prima facie* case for discrimination based on gender or reprisal are the same.[3]  Consistent with McDonnell Douglas v. Green, once the *prima facie* case is demonstrated, Defendant will then be require to articulate legitimate reasons for the alleged discriminatory actions.  Ultimately to prove her Title VII claims, Plaintiff must demonstrate that she was treated less favorably than other similarly situated employees who are male or who have never engaged in protected EEO activity.

Defendant's Opposition cites to the applicable standard for consolidation under the terms of Fed.R.Civ.P. 42(a).  Def. Opp. at 1.  Defendant acknowledges that the question of whether to consolidate is committed to the broad discretion of the trial court.  American Postal Workers Union, id., at 240.  Defendants' Opposition pays lip service to the proposition that "to determine whether consolidation is appropriate, courts weigh considerations of convenience and economy against considerations of confusion and prejudice."  Defendant also cites to Chang v. United States, 217 F.R.D. 262, 265 (D.Ct. DC) for the principle that "[c]onsolidation may increase judicial efficiency..." (by avoiding redundancy).

---

[3] See, McDonnell Douglas v. Green, id.

Def. Opp. at 2.

Curiously Defendant's seem to argue that Plaintiff's two cases do not involve common questions of law or fact. Comparing the allegations in these two complaints, this is simply not true. Compare Amended Complaint, at ¶¶ 34-36 and Second Complaint, at ¶¶ 26 concerning the nature of the claims and the alleged bases for discrimination. Defendant's representations concerning the questions of law and fact in these cases are both extremely superficial and ultimately misleading.

The transparent misstatement by Defendant of the common questions of law and fact involved in these cases (See Background Facts at ¶¶ 8 and 9) hides an even larger flaw in their position. Defendant cannot deny that the same supervisors are involved in both cases and their allegedly discriminatory actions and their motivations for these actions are core questions in both these cases. Defendant's contentions concerning common question(s) of law and fact are based on a deliberate misreading of Plaintiff's discrimination allegations that Defendant must answer for in Plaintiff's Title VII employment discrimination cases.

> II. <u>Plaintiff's Two Title VII Cases Should be Consolidated Because There are Obvious Advantages to Consolidation and No Prejudice to the Defendant</u>

As set forth above, Plaintiff's two complaints present many common questions of law and fact.  The predominance of common questions of law and fact makes it clear that consolidation pursuant to Rule 42(a) will result in economy and convenience for this Court and ultimately for the parties.[4]  Conversely, there is no legitimate basis for the Defendant's assertion of prejudice.

Defendant argues that the cases are in different stages, one at the close of discovery and other just entering the discovery phase.  This claim is disingenuous, because, even absent consolidation it will require a minimum of six months before a trial could be held in the original case.  The second case may require three to four months for discovery.  The consolidate case could be ready for trial in eight or nine months.  This short "delay" would not significantly prejudice the Defendant.[5]

---

[4] Defendant's reliance upon <u>Pugh v. Baker Hughes Oilfield Ops. Inc</u>., 2007 U.S. Dist. Lexis 83818 (S.D. Texas) is wholly misplaced.  Here both claims are similar Title VII employment discrimination claims, arising from the actions of the same two supervisors, Mr. Rutledge and Mr. Norris.  This distinction is crucial since consolidation under Rule 42(a) is based on the existence of common question(s) of law or fact.

[5] Assuming arguendo, that delay of the original case could result in some, as yet undetermined, prejudice to the

Defendant also argues consolidation of the cases will some how expand the scope of discovery for the second case. This argument is tailored out of whole cloth. Contrary to the posture of the Defendant, consolidation of these cases neither widens the scope of the discrimination issues raised in the second complaint nor widens the scope of permissible discovery. Undoubtedly some of the discriminatory actions upon which the original complaint is based could be relevant to discovery requests in the second case. For example, the reprisal issue run deeply through both complaints. However, this prospect of overlapping discovery just demonstrates the common issues of law and fact that are shared by these cases. There is no justification for Defendant's contnetion that consolidation of the cases would result in prejudice to the Defendant based on the necessity of conducting discovery in the second case.

The second complaint does include a claim for discrimination based on disability (migraine headaches) which is not found in the original amended complaint. Similarly the original complaint contains a claim for discrimination based on race (white). However,

---

Defendant, given Defendant's delaying tactics during the original case there would be no equitable basis for using such considerations of alleged prejudice defeat the ample and sound reasons for consolidation.

pursuant to the language of Rule 42(a), this additional bases for discrimination is not a sufficient basis to deny the motion to consolidate.

For purposes of consolidation it is sufficient that there are common questions of law or fact that would result in economy and convenience to this court.  Nothing in Defendant's Opposition detracts from the obvious conclusion that these two cases should be consolidated pursuant to Rule 42(a).  Putting these cases on separate tracks would be a waste of judicial time and resources and could lead to inconsistent results.

CONCLUSION

Since there are numerous common questions of law and fact in Plaintiff's two Title VII discrimination cases, should be consolidated pursuant to Rule 42(a).

Respectfully submitted,

_____/s/_____
MYRREL C. HENDRICKS, JR. (#291781)
JOSEPH D. GEBHARDT (#113894)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.
Suite 807
Washington, DC 20036-4718
(202) 496-0400

May 6, 2008                          Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Motion for Consolidation was served this 6th day of May, 2008, via electronic filing with the Court, upon counsel for the Defendant as follows:

>Kenneth Adebonojo
>U.S. ATTORNEY'S OFFICE
>555 Fourth Street, NW
>Washington, DC 20035
>(202) 514-7157
>(202) 514-8780
>Email: kenneth.adebonojo@usdoj.gov
>
>Christian Alexander Natiello
>U.S. ATTORNEY'S OFFICE
>555 Fourth Street, NW
>Room E-4112
>Washington, DC 20006-2401
>(202) 307-0338
>Fax: (202) 514-8780
>Email: christian.natiello@usdoj.gov

>             /s/
>MYRREL C. HENDRICKS, JR.