UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANN M. MOGENHAN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-0391 / 06-2041 |
| JAMES B. PEAKE, Secretary, U.S. Dep't of Veterans Affairs, | ) |
| Defendant. | ) |

## MOTION TO DISMISS

Defendant, James B. Peake, by and through his undersigned attorneys, hereby respectfully moves this Court to dismiss a cause of action in Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). The Plaintiff, Ann Mogenhan, has not exhausted her administrative remedies on two claims in her Complaint.

A Memorandum of Points and Authorities in support of this Motion and a proposed Order are filed herewith. For the reasons provided in the attached Memorandum of Points and Authorities, the discrimination claim based on race and disability found in Count I of Plaintiff's Complaint should be dismissed.

Respectfully submitted,

\_\_\_\_\_/s/_____
JEFFREY A. TAYLOR D.C. BAR # 498610
United States Attorney

\_\_\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

       /s/
CHRISTIAN NATIELLO, D.C. BAR #473960
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room #4112
Washington, D.C.  20530
(202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                             )
ANN M. MOGENHAN,             )
                             )
          Plaintiff,         )
                             )
     v.                      )   Civil Action No. 08-0391 / 06-2041
                             )
JAMES B. PEAKE, Secretary,   )
U.S. Dep't of Veterans Affairs, )
                             )
          Defendant.         )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

BACKGROUND

Plaintiff brings the instant Complaint alleging that she was discriminated and retaliated against while employed at the United States Department of Veterans Affairs ("VA").

In her Complaint, Plaintiff alleges that she was not selected for the one VA SES Candidate Development Program. The Complaint further alleges two different counts against Defendant. The first count alleges discrimination based on race, disability, and gender. The second count alleges that Plaintiff was treated disparately when she was not selected for the SES position. Defendant herein moves to dismiss the claims in Count I that are based on race and disability. Simply, Plaintiff did not raise these issues at the administrative level, yet is trying to bring them into this lawsuit. This, she cannot do.

Two of Plaintiff's claims must fail because she has not exhausted her administrative remedies, as required in employment discrimination matters brought before federal courts.

Accordingly, two of Plaintiff's claims found in Count I of her Complaint should be dismissed.[1]

ARGUMENT

**I.      Standard of Review**

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also In re Sealed Case, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing Twombly). Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support plaintiff's claims for relief.

The Court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint. Kowal, 16 F.3d at 1276. Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." Id. Generally speaking, the Court should not consider matters beyond the pleadings without converting the motion to one for summary judgment. See Fed. R. Civ. P. 12(b)(6).

These standards apply equally in employment cases. See, e.g., Kassner v. Second Ave.

---

[1] Defendant is not answering the remaining counts of the Complaint at this time pursuant to Fed. R. Civ. P. 12(a)(4), which relieves Defendant of the obligation to answer during the pendency of a motion to dismiss. The proposed Order submitted herewith includes a provision for the Court to set a due date for Defendant's answer following the Court's disposition of this motion.

2

Delicatessen, Inc., 496 F.3d 229, 240 (2d Cir. 2007); EEOC v. Concentra Health Servs., Inc., 496 F.3d 773 (7th Cir. 2007); Ofori-Tenkorang v. American Internat'l Group, Inc., 460 F.3d 296, 307 (2d Cir. 2006). Although a plaintiff need not specifically plead the facts supporting a *prima facie* case, see Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002), the Court is to rely on the factual allegations in the complaint as pleaded and, along with reasonable inferences therefrom, draw appropriate legal conclusions from those facts. It does not appear, therefore, that simply pleading "discrimination," per Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000), suffices to survive a motion to dismiss a complaint of employment discrimination. See Kassem v. Washington Hosp. Ctr., 513 F.3d 251, 253-54 (D.C. Cir. 2008) (citing Sparrow only for standard of appellate review and citing Twombly for standard on motion to dismiss).

## II.     Two of Plaintiff's Claims Were Not Raised At The Administrative Level And Therefore Should Be Dismissed For Failure to Exhaust Required Administrative Remedies

Prior to seeking relief in federal court under Title VII, a Federal employee must exhaust all available administrative remedies. See 42 U.S.C. § 2000e-16(c)); 29 C.F.R. § 1614.407; Kizas v. Webster, 707 F.2d 524, 544 & n.99 (D.C. Cir. 1983); see e.g., United Airlines v. Evans, 431 U.S. 553, 555 (1977); McDonnell Douglas Corp. v. Green, 411 U.S. 792, (1973); Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985).

The procedural requirements governing a plaintiff's right to bring a Title VII claim in court are not unimportant. "It is part and parcel of the Congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining nondiscrimination in employment." Kizas, 707 F.2d at 544. "Exhaustion is required in order to give federal agencies an opportunity to handle matters internally whenever possible and to ensure that the federal courts are burdened only when reasonably necessary."

Brown, 777 F.2d at 14.  Plaintiff alleges two claims in her Complaint that she failed to exhaust at the administrative level.  By way of background, Plaintiff brought her case, which stems from the same nucleus of facts as do the Counts in Plaintiff's Complaint, before the Office of Employment Discrimination and Complaint Adjudication ("OEDCA").  The OEDCA considered whether:

> the Agency discriminated against the complainant based on sex (female) and reprisal (prior EEO activity) when she received notification on February 6, 2007, that she had not been selected to participate in the One VA Senior Executive Service (SES) Candidate Development Program.

Final Agency Decision letter, attached as Exhibit A, at page 1.  That is all the OEDCA considered – discrimination based on sex and reprisal.  Plaintiff's Complaint admits as much.  Complaint, at ¶ 11.

Contrast the allegations that were actually before the OEDCA with Count I in Plaintiff's Complaint, which alleges that Plaintiff was subjected to discrimination based on, *inter alia*, race and disability.  Complaint, at ¶ 26.  Accordingly, Plaintiff's race and disability claims should be dismissed.  See 42 USC 2000e-16(c); Maryland v. Sodexho, 474 F. Supp. 2d 160, 161-162 (D.D.C. 2007) (precluding plaintiff's religious discrimination claim, for failure to raise the claim at the administrative level); Park v. Howard University, 71 F.3d 904 (D.C. Cir. 1995) (plaintiff's hostile work environment claim improper because it was not litigated before the EEOC).

## CONCLUSION

In summary, Defendant moves to dismiss two of Plaintiff's discrimination claims.  Defendant moves to dismiss Plaintiff's race and disability claims found in Count I of Plaintiff's Complaint based on Plaintiff's failure to exhaust her administrative remedies.

WHEREFORE, the United States Veterans Administration requests that this Motion be granted and that the claims based on race and disability found in Count I of Plaintiff's Complaint be dismissed.

Dated: June 19, 2008.

                                        Respectfully submitted,

                                        /s/
                                        JEFFREY A. TAYLOR D.C. BAR # 498610
                                        United States Attorney

                                        /s/
                                        RUDOLPH CONTRERAS, D.C. BAR #434122
                                        Assistant United States Attorney

                                        /s/
                                        CHRISTIAN A. NATIELLO D.C. BAR # 473960
                                        Assistant United States Attorney
                                        Civil Division
                                        555 4th Street, N.W.
                                        Room E4112
                                        Washington, D.C.  20530
                                        (202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANN M. MOGENHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0391 / 06-2041 |
| ) | |
| JAMES B. PEAKE, Secretary, ) | |
| U.S. Dep't of Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO DISMISS**

UPON CONSIDERATION of Defendant's Motion to Dismiss, and the entire record herein, it is hereby

ORDERED that the motion is GRANTED, and it is further

ORDERED that Plaintiff's discrimination claim based on race and disability found in Count I of Plaintiff's Complaint are hereby dismissed, and it is further

ORDERED that Defendant shall file an answer or otherwise respond to the remaining counts in the Complaint on or before the _____ day of _____, 2008.

So ordered, this _____ day of _____ 2008.


_____
The Honorable Gladys Kessler
United States District Judge

DEPARTMENT OF VETERANS AFFAIRS
OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION
WASHINGTON, D.C. 20420

| | |
|---|---|
| Ann Marie Mogenhan )<br>)<br>  *Complainant,*  )<br>)<br>      v.    )<br>)<br>Secretary, )<br>Department of Veterans Affairs )<br>)<br>     *Agency.*    ) | VA Case No. 2004-0010-2007101390 |

# FINAL AGENCY DECISION

## INTRODUCTION

In a formal EEO complaint dated March 26, 2007, the complainant alleged that officials at the VA Central Office in Washington, DC, discriminated against her as referenced below. The Department's Office of Resolution Management accepted the complaint in its entirety and conducted an appropriate investigation.

At the conclusion of the investigation, the Department notified the complainant in writing of the right to request either a hearing and decision by an EEOC administrative judge, with a subsequent final action by the Department, or an immediate final decision by the Department without a hearing. The complainant acknowledged receipt of that notice on November 20, 2007. According to the complaint file, the complainant failed to respond to that notice. Thus, the complaint file was forwarded to the Department's Office of Employment Discrimination Complaint Adjudication for an immediate final agency decision based on the investigative record. OEDCA received the file from ORM on January 3, 2008.

## CLAIM

Whether the Agency discriminated against the complainant based on sex (female) and reprisal (for prior EEO activity) when she received notification on February 6, 2007, that she had not been selected to participate in the One VA Senior Executive Service (SES) Candidate Development Program.

## SUMMARY OF FACTS

The complainant formerly served as an Administrative Officer for the Financial Management and Accounting Systems Office of the Veterans Health Administration at the VA Central Office in Washington, DC. The complainant subsequently retired from employment in November 2006 (effective January 3, 2007) prior to receiving notification of her non-selection into the One VA SES Candidate Development Program.

## ANALYSIS

### 1. Statement of Applicable Law

The law prohibiting discrimination based on sex and reprisal is Title VII of the Civil Rights Act of 1964, as amended, Section 701 et seq., 42 U.S.C. 2000e et seq. ("Title VII"). Federal sector equal employment opportunity regulations are set out in 29 C.F.R. Part 1614.

Generally, the adjudication of a complaint of discrimination alleging disparate treatment under Title VII follows a three-step evidentiary analysis. First, the burden is on the complainant to establish a prima facie case of discrimination by a preponderance of the evidence. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 5 FEP Cases 965 (1973); Board of Trustees of Keene State College v. Sweeney, 439 U.S. 24, 18 FEP Cases 520 (1978); Furnco Construction Corporation v. Waters, 438 U.S. 567, 17 FEP Cases 1062 (1978). This means that the complainant must present a body of evidence such that, were it not rebutted, the trier of fact could conclude that unlawful discrimination did occur. Teamsters v. U.S., 431 U.S. 324, 14 FEP Cases 1514 (1977). A complainant raises an inference of discrimination by showing that the reasons most commonly given by management to justify a particular employment decision or action do not apply in the complainant's case.

Second, if the complainant meets the burden of presenting a prima facie case, then management has a burden of production to articulate some legitimate, nondiscriminatory reason for its actions. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 25 FEP Cases 113 (1981). The evidence presented by management need not establish management's actual motivation, but must be sufficient to raise a genuine issue of material fact as to whether management discriminated against the complainant. If management meets this burden of production, the presumption of discrimination raised by the prima facie case is rebutted and drops from the case altogether. Burdine, 25 FEP Cases 116.

Third, in order to prevail, the complainant must show by a preponderance of the evidence that management's stated reason is a pretext for discrimination. Price Waterhouse v. Hopkins, 490 U.S. 228, 49 FEP Cases 954 (1989); Burdine, 25 FEP Cases 116; McDonnell Douglas, supra. The complainant may show pretext by evidence that a discriminatory reason more likely than not motivated management, that management's articulated reasons are unworthy of belief, that management has a policy

2

or practice disfavoring the complainant's protected class, that management has discriminated against the complainant in the past, or that management has traditionally reacted improperly to legitimate civil rights activities. McDonnell Douglas, supra.

The ultimate burden of showing that management intentionally discriminated against the complainant remains at all times with the complainant. United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, 31 FEP Cases 609 (1983); Burdine, 25 FEP Cases 116. A finding of pretext -- i.e., a finding of sufficient evidence to disbelieve management's stated reason for its decision -- does not necessarily compel a finding of discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 511 (1993). Proof of pretext is simply one form of circumstantial evidence that is probative of intentional discrimination, and such proof may be quite persuasive. Thus, a complainant's prima facie case, when combined with sufficient evidence to find that management's asserted justification is false, may permit a finding of discrimination. Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 82 FEP Cases 1748 (2000). This is not to say that such a showing will always be adequate to find discrimination. As the Supreme Court noted in Reeves, there will certainly be instances where, despite such a showing, the record conclusively reveals some other nondiscriminatory reason for management's decision, or if the complainant presented only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination occurred. Thus, for example, if the circumstances show that management gave a false explanation to conceal something other than discrimination, the inference of discrimination will be weak or nonexistent. Reeves, supra (citing Fisher v. Vassar College, 114 F.3d 1332, 1338 (2nd Cir. 1997)). Whether a finding of discrimination is appropriate in a particular case will depend on a number of factors, including the strength of the complainant's prima facie case, the probative value of the proof that management's explanation is false, and the strength of other evidence that discrimination did not occur. Reeves, supra.

Moreover, the analytical framework in McDonnell Douglas "was never intended to be rigid, mechanized, or ritualistic. Rather, it is merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination." Furnco, 17 FEP Cases at 1066. Thus, whether or not a complainant has established a prima facie case, where management has provided a legitimate, nondiscriminatory explanation for its action, the factual inquiry must proceed to a decision on the ultimate factual issue in the case -- i.e., whether management's actions were discriminatory within the meaning of Title VII. Aikens, supra.

**Prima Facie Case**

The elements of a prima facie case of discrimination are determined by the factual circumstances of the case and the bases of discrimination alleged. McDonnell Douglas, 5 FEP Cases 969 n.13. Here, the complainant alleged disparate treatment with respect to non-selection into the One VA SES Candidate Development Program based on sex and reprisal.

3

In order to establish a prima facie case of disparate treatment, a complainant must generally show (1) membership in a protected class, (2) an employment situation comparable to that of other employees not of the same protected class, and (3) treatment that is different than that experienced by those other employees with respect to the terms, conditions, or benefits of employment. McDonald v. Santa Fe Trail Transportation Co., 427 U.S. 273, 12 FEP Cases 1577 (1976); Scott v. Secretary of Defense, EEOC Appeal No. 01902727 (September 24, 1990).

Employees are in comparable employment situations when it is reasonable to believe that they would receive the same treatment in the context of a particular employment decision. See Lindemann & Grossman, Employment Discrimination Law, 3rd Ed., Chapter 2, pp. 30-33 (1996). In order for comparative employees to be considered similarly situated, all relevant aspects of the complainant's situation must be nearly identical to those of the comparative employees. O'Neal v. Postmaster General, EEOC Request No. 05910490 (July 23, 1991); Powell v. Postmaster General, EEOC Appeal No. 01911979 (November 25, 1991). Thus, in order to be similarly situated, the comparative employees must have dealt with the same supervisor and have been subject to the same standards. Mitchell v. Toledo Hospital, 964 F.2d 577, 59 FEP Cases 76 (6th Cir. 1992).

Even in cases where there are no similarly situated employees, a complainant may be able to establish a prima facie case by showing: (1) membership in a protected class; (2) the occurrence of an adverse employment action; and (3) some evidence of a causal relationship between membership in the protected class and the adverse action. Ward v. U.S. Postal Service, EEOC Request No. 05920219 (June 11, 1992), citing Potter v. Goodwill Industries of Cleveland, 518 F.2d 864, ___ FEP Cases ___ (6th Cir. 1975) and Leftwich v. United States Steel Corporation, 470 F. Supp. 758 (W.D. Pa. 1979).

In the instant complaint, the complainant may establish a prima facie case of sex discrimination concerning the non-selection to the One VA SES Candidate Development Program by presenting evidence showing that (1) she is a member of a protected class, (2) an adverse employment action occurred, and (3) some evidence of a causal relationship between membership in the protected class and the adverse action exists.

**Reprisal**

Title VII prohibits employer actions that are based on a retaliatory motive and are likely to dissuade a reasonable employee or applicant from engaging in protected EEO activity. See Burlington Northern and Santa Fe Railway Co. v. White, 548 U.S. ___, (2006) (No. 05-259, June 22, 2006). See also 42 U.S.C. 2000e – 3(a). In cases involving reprisal, the criteria for establishing a prima facie case may require a showing that (1) the complainant engaged in a protected activity, (2) management was aware of the complainant's participation in the protected activity, (3) management effected some action which adversely impacted upon the complainant following the protected activity, and (4) the management action followed the protected activity within such a period of

time that a retaliatory motive can be inferred. <u>Hochstadt v. Worcester Foundation for Experimental Biology, Inc.</u>, 425 F. Supp. 318, 11 FEP Cases 1426 (D. Mass. 1976), aff'd, 545 F.2d 222, 13 FEP Cases 804 (1st Cir. 1976).

The action required in the third element need not be an ultimate, or even significant, personnel action. Therefore, any action by a management official likely to dissuade a reasonable employee or applicant from making or supporting a charge of discrimination is sufficient to satisfy this element of a prima facie case of reprisal. Petty slights, minor annoyances, and simple lack of good manners normally will not create such deterrence. <u>See</u> <u>Burlington Northern</u>, <u>supra</u>, p. 13 (the Court found that an assignment to more arduous and less desirable job duties, even if such duties fall within the scope of the complainant's job description, was likely to dissuade the plaintiff from making or supporting a charge of discrimination). <u>See</u> also <u>EEOC Compliance Manual</u>, Vol. 2, Section 8, p. 8-13 (Retaliation).

## 2. Discussion

### *Prima Facie Case*

#### Sex Discrimination

In the present case, the complainant has shown her membership in a protected class by virtue of her sex (female). However, the complainant failed to show that she was in an employment situation comparable to that of other employees not of the same protected class and that she received treatment that was different than that experienced by those other employees with respect to the terms, conditions, or benefits of employment. In fact, the record contains no evidence that any other administrative officer under the supervision of Mr. DR or Mr. JN applied to the One VA SES Candidate Development Program or that any of the applicants received better supervisory assessments from their first and second level supervisors than the complainant did. Rather, the evidence indicates that candidates in varying positions from all over the VA applied for entrance into this program.

Despite the deficiencies in the complainant's evidence, she may nonetheless establish a prima facie case of sex discrimination by demonstrating the occurrence of an adverse employment action (non-selection into the One VA SES Candidate Development Program) and the existence of some evidence of a causal relationship between her sex and the non-selection. However, the complainant failed to demonstrate any such causal relationship other than to assert her own belief that she had been discriminated against on the basis of her sex because other similarly-situated females had been denied admittance into the program and females have been historically underrepresented in the ranks of the SES. Interestingly, the evidence in the record directly contradicts the complainant's contention since the Agency selected thirteen females and only eleven males for the One VA SES Candidate Development Program. We therefore find that the complainant failed to establish a prima facie case of sex discrimination.

5

**Reprisal**

In the present case, the complainant has shown that she engaged in protected activity by filing four EEO complaints over the past seven years. The complainant has also shown that management had knowledge of her participation in the protected activity since she named both her first and second level supervisors, Mr. DR and Mr. JN, as responding management officials in her previous complaints. However, the complainant failed to show that the officials in charge of rating and selecting applicants for the One VA SES Candidate Development Program had any knowledge of her filing EEO complaints in the past. The complainant has further shown that the Agency effected some action which adversely impacted upon her following the protected activity when the Agency did not select her for participation in the One VA SES Candidate Development Program. However, the complainant failed to show that management effected some action which adversely impacted upon her following the protected activity when one of her supervisors gave her one less than satisfactory rating on her supervisory assessment while giving her a rating of satisfactory or greater on the other four selection criteria rated (in addition to the five ratings of satisfactory or greater given by the other supervisor). Such an action would not likely dissuade a reasonable employee from making or supporting a charge of discrimination or from otherwise engaging in EEO activity. The complainant has additionally shown that the management action followed the protected activity within such a period of time that a retaliatory motive can be inferred since at least one of her prior complaints had not been resolved at the time of her non-selection. However, the complainant failed to demonstrate any other causal connection between her prior EEO complaints and her non-selection since the VA officials involved with the rating and selecting of applicants for the One VA SES Candidate Development Program had no prior knowledge of the complainant's history of filing EEO complaints. We therefore find that the complainant failed to establish a prima facie case of reprisal.

Nevertheless, we recognize that the complainant's burden to establish a prima facie case is not onerous. Furthermore, under the rule in <u>Aikens</u>, whether or not a complainant has established a prima facie case, where management has provided a legitimate, nondiscriminatory explanation for its action, the factual inquiry must proceed to a decision on the ultimate factual issue in the case -- <u>i.e.</u>, whether management's actions were discriminatory within the meaning of Title VII. Thus, we continue our analysis despite the deficiencies in the complainant's prima facie evidence.

*Management's Response*

The complainant's supervisors testified that they had no involvement in the rating and selecting of applicants to the One VA SES Candidate Development Program other than to provide supervisory assessments for inclusion in the complainant's application. One of the complainant's supervisors did note, however, that the complainant may not have been selected into the program due to a deficit in her interpersonal skills. This statement was further bolstered by evidence in the record indicating that both of the complainant's supervisors rated her lower on the supervisory assessment in areas

6

dealing with interpersonal skills. The same supervisor also candidly stated that he could not recommend the complainant for an SES position because, although she is very smart and capable as an administrative officer, she needed to work on her management skills, her leadership skills needed improvement,[1] it appeared that she had problems building coalitions among coworkers, she had no budget or finance experience despite working in a financial office, and the office had no SES positions available. As a result, he felt that he could not honestly indicate on the complainant's application that he would hire her for a position at the SES level.

Management officials involved in the rating and selecting of applicants for the One VA SES Candidate Development Program (none of whom knew the complainant personally or professionally) stated that applicants had been rated numerically on a scale of one to five based on their leadership skills as defined by the five executive core qualifications (leading change, leading people, results driven, business acumen, and building coalitions/communications). One of the officials involved noted that the complainant did not even make it past the cutoff point during the initial screening.[2] She thus did not move on to the second panel consisting of the Executive Resources Board, to the third panel that made referrals to the different organizations, and, lastly, to her own organization that would then accept or decline the referral.

We therefore find that management articulated a legitimate, nondiscriminatory reason for its actions.

### *Pretext*

The complainant failed to present any credible evidence indicating that a discriminatory reason more likely than not motivated management, that management's articulated reasons were unworthy of belief, that management had a policy or practice disfavoring her protected class, that management had discriminated against her in the past or that management had traditionally reacted improperly to legitimate civil rights activities. We therefore find that the complainant failed to prove by a preponderance of the evidence that management's stated reasons were a pretext for discrimination.

Generally, a complainant's testimony alone has been judged inadequate as proof to establish pretext. Bohrer v. Hanes Corporation, 715 F.2d 213, 32 FEP Cases 1578 (5th Cir. 1983), cert. denied, 465 U.S. 1026, 33 FEP Cases 1884 (1984). Furthermore, a complainant's subjective belief that the management action at issue was the result of discrimination is insufficient to prove pretext. See Bohrer, supra; Elliott v. Group Medical & Surgical Service, 714 F.2d 556, 32 FEP Cases 1451 (5th Cir. 1983), cert. denied, 467 U.S. 1215, 34 FEP Cases 1472 (1984).

---

[1] It should be noted that the complainant's application evidenced her lack of management and leadership experience.

[2] It should be noted that the complainant received uniformly low scores from the various members of the initial screening panel, many of whom noted her lack of accomplishments and experience and only one of whom referenced her supervisory assessment

7

It is not a function of the EEO process to restrain management's employment decisions or to substitute another judgment for that of the deciding official. It is not the place of a trier of fact to second-guess management's personnel decisions absent a demonstrably discriminatory motive. Loeb v. Textron, Inc., 20 FEP Cases 29 (1st Cir. 1979).

### CONCLUSION

The complainant failed to prove by a preponderance of the evidence that the Agency intentionally discriminated against her as alleged.

### RIGHT OF APPEAL

Within 30 days of receipt of this final decision, the complainant has the right to appeal it to: **Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 19848, Washington, D.C. 20036**. If an appeal is filed, EEOC Form 573 should be used. A copy of EEOC Form 573 is attached.

A copy of the appeal to the EEOC **must** also be sent to the VA Office of General Counsel at the following address: **Department of Veterans Affairs, Office of the General Counsel (024), 810 Vermont Ave., N.W., Washington, D.C. 20420**.

Statements or briefs in support of the appeal **must** be submitted to the EEOC within 30 calendar days of the filing of the appeal. A copy of any such statement or brief, including any statements made on EEOC's "Appellant Docketing Statement," must also be sent to the VA's Office of General Counsel at the above address.

If an appeal is filed with the EEOC, the appeal, and any subsequently filed statement or brief, **must** contain a statement certifying the date and method by which copies of these documents were served on the VA's Office of General Counsel.

If the complainant files an appeal with the Commission beyond the above-noted time limit, the complainant should provide the Commission with an explanation as to why the appeal should be accepted despite its untimeliness. If the complainant cannot explain why timeliness should be excused, the Commission may dismiss the appeal as untimely.

### RIGHT TO FILE A CIVIL ACTION

The complainant also has the right to file a civil action in an appropriate United States District Court. The complainant may file a civil action

> within 90 days of receipt of this final decision if no appeal to EEOC has been filed; or

8

within 90 days after receipt of the EEOC's final decision on appeal; or

after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission.

The complainant **must** name the person who is the official head of the Department of Veterans Affairs as the defendant. Department means the national organization, and not just the local office, facility, or unit in which the complainant works. The complainant may not name just the Department. The complainant must name **James B. Peake** as the defendant. The complainant must also state the official title of the Department head. The official title of the head of the Department of Veterans Affairs is **Secretary of Veterans Affairs**. Failure to provide the name or official title of the head of the Department may result in dismissal of the case.

If the complainant decides to file a civil action under Title VII (discrimination due to race, color, religion, sex, national origin, or reprisal) or under the Rehabilitation Act of 1973, as amended, (discrimination due to disability), and if the complainant does not have or cannot afford the services of an attorney, the complainant may request that the Court appoint an attorney to represent the complainant and that the Court permit the complainant to file the action without payment of fees, costs, or other security. **The grant or denial of the request is within the sole discretion of the Court**. Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS of the date the complainant receives the final decision from the Department or the Commission.

_____        2/21/08
CHARLES R. DELOBE                                      Date
Director, Office of
Employment Discrimination
Complaint Adjudication

Attachment: EEOC Form 573

9