**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

|  |  |
|---|---|
| **ANN M. MOGENHAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-2041 (GK)** |
| ) | **Civil Action No. 08-0391 (GK)** |
| **Eric K. Shinseki,[1] Secretary,** ) | **(Consolidated)** |
| **Dep't of Veterans Affairs** ) | |
| ) | |
| **Defendants.** ) | |

---

**MEMORANDUM OPINION**

Plaintiff Ann Mogenhan ("Plaintiff") brings this action against Defendant Eric K. Shinseki, Secretary of Veterans Affairs ("Defendant"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq. She alleges that she was subjected to discrimination on account of her race, disability, and gender, and retaliation on account of her prior Equal Employment Opportunity ("EEO") activity (Count I); and disparate treatment on account of gender and prior EEO activity (Count II).

This matter is now before the Court on Defendant's Motion to Dismiss those claims in Count I based on race and disability [Dkt.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Secretary of Veterans Affairs Eric K. Shinseki is automatically substituted as Defendant for former Secretary of Veterans Affairs James B. Peake.

No. 34].[2]  Upon consideration of the Motion, Opposition, Reply, the entire record herein, and for the reasons set forth below, Defendant's Motion to Dismiss is **granted.**

## I.  Background[3]

On October 8, 2000, Plaintiff was hired as an Administrative Officer in the Office of Financial Management and Accounting Systems at the Veterans Health Administration in the Department of Veterans Affairs ("the Agency").  Her position required her to handle a variety of issues, including "budget, financial management, human resources, procurement and contracting, property management, executive correspondence, health and safety, and security."  Compl. ¶ 15.  During her service, she received several awards, including Sustained Superior Performance Awards, Special Contribution Awards, and Exemplary Performance Awards.  Id. at ¶ 15 [sic].[4]

Plaintiff applied for the One-VA SES Candidate Development Program.  To be considered for admission to the program, Plaintiff

_____

[2]  For ease of reference, unless otherwise specified, all docket numbers refer to filings in the lead case, Civil Action No. 06-2041.

[3]  For purposes of ruling on a motion to dismiss, the factual allegations of the Complaint must be presumed to be true and liberally construed in favor of the Plaintiff.  Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 (D.C. Cir. Apr. 29, 2008).  Therefore, the facts set forth herein are taken from Plaintiff's Complaint unless otherwise noted.

[4]  Plaintiff's Complaint includes two paragraphs numbered "15."  See generally Compl.

needed two of her supervisors, David Rutledge ("Rutledge") and Jimmy Norris ("Norris"), to complete an appraisal of her performance.

Plaintiff states that the appraisal submitted by Rutledge and Norris was "mediocre" and that they knew that it "did not accurately reflect her performance." Id. ¶ 19.  On February 3, 2007, Plaintiff was informed that Norris would not sign a form indicating that he supported her for the position.

On February 26, 2007, Plaintiff received a letter informing her that she had not been selected for the position.  Plaintiff states that her "non-selection was due in large part to the refusal of Mr. Norris to sign" the form.  Id. ¶ 22.  Plaintiff also states that other applicants were accepted "without the requirement that their supervisors execute the form." Id. ¶ 23.

Plaintiff filed three formal EEO complaints: the first on December 20, 2001, the second on March 23, 2005, and the third on December 19, 2005.  Plaintiff consolidated these three administrative complaints into a civil action that was filed on November 29, 2006 in this Court (Civil Action No. 06-2041).  In the Amended Complaint, Plaintiff alleged that she was subjected to a hostile work environment on the basis of her gender and her prior EEO activity (Count I); that she was subjected to disparate treatment for the same reasons (Count II); and that she was subjected to adverse personnel actions because of her race, gender,

and prior EEO activity (Count III).  See 06-2041, Am. Compl. ¶¶ 34-
36.

On February 28, 2007, Plaintiff contacted an EEO Counselor.
On March 26, 2007, she filed a formal EEO complaint alleging that
she was discriminated against on the basis of her gender and that
she was retaliated against on the basis of her prior EEO activity.
Id. ¶ 11.  This EEO complaint did not allege that she was subjected
to discrimination on account of her race and disability.  See
generally Defs.' Mot., Ex. A.

On February 21, 2008, the Agency's Office of Employment
Discrimination and Complaint Adjudication ("OEDCA") denied
Plaintiff's March 26, 2007 EEO Complaint, finding that Plaintiff
had not been subjected to discrimination on the basis of gender or
reprisal.   Id.   The OEDCA decision never referenced race or
disability discrimination, and it made no findings on these issues.
See id.

On March 4, 2008, Plaintiff filed a second Complaint (Civil
Action No. 08-391).  The Complaint alleged that Plaintiff was
subjected to unlawful discrimination on the basis of her race,
disability, and gender, and retaliation on the basis of her prior
EEO activity (Count I), and disparate treatment on account of her
gender and her prior EEO activity (Count II).

On June 16, 2008, the Court consolidated the two cases[5] and specified that all future pleadings were to be filed in the lead case, 06-2041.  Defendant filed this Motion to Dismiss on June 19, 2008.

## II.  Standard of Review

To survive a motion to dismiss, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[] [his or her] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Id. at 579.

Under the standard set out in Twombly, a "court deciding a motion to dismiss must not make any judgment about the probability of the plaintiff's success . . . must assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged."  Aktieselskabet AF 21.November 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotation marks and citations omitted).

---

[5]    Plaintiff did not request leave to file a Consolidated Amended Complaint.  In 06-2041, the Amended Complaint was filed on January 17, 2007 [Dkt. No. 2].  In 08-391, the Complaint was filed on March 4, 2008 [Dkt. No. 1].  The Motion, Opposition, and Reply refer to the Complaint filed in 08-391.  Accordingly, unless otherwise specified, hereinafter all references to the "Complaint" are to the Complaint filed in 08-391.

-5-

### III. Analysis

Defendant argues that Plaintiff failed to exhaust her administrative remedies with respect to the claims of race and disability discrimination in Count I.  Def.'s Mot. at 3.  Defendant argues that Plaintiff did not raise either of these claims in the formal EEO complaint she filed with the Agency on March 26, 2007. Id. at 4.

In response, Plaintiff argues that she exhausted her administrative remedies because the race and disability claims were "reasonably related" to the gender and retaliation claims that were included in her administrative case.  Pl.'s Opp'n at 6.  Plaintiff also argues that the "discriminatory actions" in the Complaint are the same as the allegations she made in the administrative process, even though she acknowledges that she "identified two additional bases for the discrimination actions."  Pl.'s Opp'n at 5 (emphasis added).  Moreover, Plaintiff argues that Defendant "has been aware of Plaintiff's disability for many years," that Defendant "would not be prejudiced" by permitting the race and disability claims to proceed, that dismissing these claims would be contrary to the "interest of justice," and that Defendant would "suffer no prejudice" if the claims were not dismissed.  Pl.'s Opp'n at 3, 7, 8, 11.

Title VII requires that a plaintiff exhaust her administrative remedies prior to bringing a civil action in federal court.  Park

v. Howard University, 71 F.3d 904, 907 (D.C. Cir. 1995).  To exhaust her administrative remedies, a plaintiff must file a claim with the agency and "allow the agency time to act on the charge." Id. A lawsuit in federal court is "limited in scope to claims that are 'like or reasonably related to the allegations'" in the administrative charge.  Id. (quoting Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994)). The claims "must arise from 'the administrative investigation that can reasonably be expected to follow the charge of discrimination.'"  Id. (quoting Chisholm v. U.S. Postal Service, 665 F.2d 482, 491 (4th Cir. 1981)); see Hussain v. Gutierrez, 593 F. Supp. 2d 1, 5 (D.D.C. 2008) ("Specificity in a charge is not a mere technicality.") (internal quotation marks omitted).

Although this limitation "should not be construed to place a heavy technical burden on individuals untrained in negotiating procedural labyrinths," the integrity of the administrative process depends upon ensuring that a "liberal interpretation of an administrative charge" does not allow a plaintiff "to bypass the Title VII administrative process." Park, 71 F.3d at 907 (internal quotation marks and citations omitted).

A plaintiff fails to exhaust her administrative remedies when the complaint she files in federal court includes a claim that was not raised in the administrative complaint.  Id. at 907 ("Although Park filed an administrative charge, it did not express or even

-7-

hint at a national origin hostile work environment claim."); <u>Miller v. Rosenker</u>, 578 F. Supp. 2d 107, 112 (D.D.C. 2008); <u>Marcelus v. Corrections Corp. of Am./Corr. Treatment Facility</u>, 540 F. Supp. 2d 231, 235 (D.D.C. 2008) ("The theories of discrimination in plaintiff's lawsuit are limited to the theories contained in the EEOC Charge he filed."); <u>see</u> <u>Rattigan v. Gonzales</u>, 503 F. Supp. 2d 56, 69 (D.D.C. 2007) ("[E]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice for which an administrative charge must be filed.") (quoting <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 114 (2002)) (internal quotation marks omitted); <u>Lytes v. D.C. Water and Sewer Auth.</u>, 2006 WL 890005, at *6 (D.D.C. Mar. 30, 2006) ("Because Mr. Lytes's EEO charge did not allege gender discrimination and because gender discrimination is not like, or reasonably related to, his charge of discrimination based on his disability, he has failed to exhaust his administrative remedies on his gender charge.").

In <u>Miller</u>, a plaintiff raised a retaliation claim in his administrative complaint, but did not raise age or gender discrimination claims. <u>Miller</u>, 578 F. Supp. 2d at 112. This Court dismissed the age and gender discrimination claims, holding that even though the claims "may be similar in that they all involve harms suffered in the workplace, they are each distinct allegations involving different types of discrimination. . . . [and] they must

each be specifically alleged during the administrative process in order to raise them in a subsequent complaint in federal court." Id.

In this case, Plaintiff concedes that she raised neither her race discrimination claim nor her disability discrimination claim in the formal EEO complaint she filed on March 26, 2007. Pl.'s Opp'n at 3 ("In this action, Plaintiff added two additional bases for discrimination, disability (suffers from migraine headaches) and race (white)."); see also Compl. ¶ 11 ("On March 26, 2007, she filed her formal discrimination complaint based on gender (female) and reprisal for prior EEO activity."). In the absence of specific allegations of race or disability discrimination in the formal EEO complaint, the Agency concluded in its Final Agency Decision that Plaintiff had not been subjected to discrimination on the basis of sex or reprisal, but made no reference to discrimination based on race or disability. Def.'s Mot., Ex. A.

Discrimination claims based on race and disability are distinct from discrimination claims based on gender and retaliation.[6] Accordingly, an Agency's investigation of a race or disability claim would require it to pursue different facts and issues than an investigation of a claim based on gender discrimination or retaliation. Because Plaintiff failed to raise

_____

[6] It should be noted that disability claims are governed by the Rehabilitation Act, 29 U.S.C. § 794, et seq., not by Title VII of the Civil Rights Act of 1964.

the race and disability discrimination claims during the administrative process, the Agency had no opportunity to investigate them. Thus, as in <u>Miller</u>, Plaintiff was required to specifically allege these distinct allegations during the administrative process. To permit Plaintiff to proceed on her race and disability claims when she had omitted both from her formal administrative complaint would permit her "to bypass the Title VII administrative process."

For these reasons, Plaintiff failed to exhaust her administrative remedies with respect to the race and disability claims in Count I.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss is **granted.** The race and disability discrimination claims in Count I are dismissed.

An Order shall accompany this Memorandum Opinion.


July 2, 2009
/s/
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**